## MOOSE v. STATE.

49 499|
72 384|

49 499|
90 349|

1. CRIMINAL PLEADING: *Indictment for failure to publish financial report:*

An indictment against the Clerk of the County Court, for failure to publish a financial report under the revenue act of 1883, which provides that the Clerk of the County Court, shall within thirty days after each annual settlement with the county collector, make out and publish a report of the condition of county affairs, and which subjects him to indictment and removal from office, for a failure to comply with its provisions (*Mansf. Dig., secs. 5825, 5872*); charged the offense in the language of the statute, but did not aver positively, that the collector had made his settlement. *Held:* That the indictment was sufficient, as it advised the defendant with reasonable certainty of the nature of the accusation against him.

2. SAME: *Same: Surplusage in indictment.*

The indictment charged that the defendant, as County Clerk of Carroll county, failed on the 11th day of May, 1887, to publish "the amount expended during the fiscal year ending June 30, 1887," contrary to the provisions of the revenue act of 1883, which requires such publication within thirty days after each annual settlement with the county collector. *Held:* That the "fiscal year," so far as it relates to the financial operations of the counties, means the current year embraced between the dates of the collector's annual settlements; that "June 30, in the indictment, should be rejected as surplusage and the expression "fiscal year ending 1887," will then cover the period from the collector's settlement in 1886 to his settlement in 1887 ; and as the defendant could not have been convicted without proving a settlement with the collector in 1887, and a failure to make the proper publication within thirty days thereafter, the defect in the indictment was not prejudicial to any substantial right and was properly disregarded.

APPEAL from *Carroll* Circuit Court.

J. M. PITTMAN, Circuit Judge.

*Sam W. Williams* and *Blackwood & Williams* for appellant.

The indictment is under *secs. 5825 and 5872 Mansf. Dig.* It is fatally defective in failing to aver with certainty that the collector had ever made a settlement. Criminal pleading requires each fact necessary to sustain an indictment to be averred

directly and with certainty. *Clary v. State, 33 Ark., 561.* This is not a case where it is sufficient to ·charge in the language of the statute. *38 Ark., 519.* But is a case where the preliminary facts that bring the case within the statute must be averred, then the language of the statute is sufficient. *38 Ark., 519.*

The indictment is inconsistent; it avers too much. It charges Moose with a failure to do an impossibility; that is, report on the 11th of May the financial condition of the county on the 30th of June.

Section 5795 and following provisions show that it would be impossible for the Clerk to comply with section 5825 between April 30th and June 30th. A partial failure would be a total failure. The indictment is bad, and the instructions do not cure it. There can be no conviction on a bad indictment. *33 Ark., 561.*

*Dan W. Jones,* Attorney General, for appellee.

The indictment is in the language of the statute. *39 Ark., 216; 41 id., 226.*

There is no date fixed by statute at which the collector should make his settlement. The date fixed in the indictment is not material. *Sec. 2112 Mansf. Dig.*

The indictment charges that he failed to publish "within thirty days *after the annual settlement,*" etc. This sufficiently charges that the collector had made his settlement.

The indictment contains all that is required by *sec. 2106.* The date fixed in the indictment is not of the essence of the offense.

SMITH, J. The indictment charged that Moose, the Clerk of the County Court of Carroll county, did on the 11th day of May, 1887, unlawfully fail to publish in some newspaper of said county, there being a newspaper then published in said

county, a full and complete financial report of the condition of the affairs of said county, giving its indebtedness, its sources of revenue, the amount expended during the fiscal year ending June 30, 1887, for all purposes, the amount from all sources for all purposes collected, within thirty days after the annual settlement with the collector of said county for said fiscal year; against the peace, etc.

A demurrer to the indictment, and after the conviction of the defendant, a motion in arrest of judgment, were overruled. Moose was fined ten dollars and removed from office.

The revenue act of March 31, 1883, provides that the Clerk of the County Court shall, within thirty days after each annual settlement with the county collector, make out a full and complete financial report of the condition of the affairs of the county, giving its indebtedness, its source of revenue, the amount expended during the fiscal year for all purposes, the amount from all sources for all purposes, * * * * * and forthwith publish the same in some newspaper published in such county. And a subsequent section subjects to indictment and removal from office any officer who fails to comply with any of the requirements of the act. *Mansf. Dig.,* secs. *5825, 5872.*

The chief objection to the indictment is that it does not positively aver that the collector had ever made his settlement, but leaves it to inference. Doubtless it would have been more artistic and correct pleading to allege that the collector had settled on a day named and that the defendant had neglected, for thirty days thereafter, to publish his financial statement. But this is a statutory offence, having no relation to the common law and in such cases it is generally sufficient to charge the defendant with acts or omissions of duty coming fully within the statutory description, in the substantial words of the statute, without further expansion. *Bishop Cr. Pro., sec. 611; United States v. Simmons, 96 U. S., 362.*

1. CRIMINAL PLEADING: Indictment for failure to publish financial report.

This rule we have acted upon in numerous cases. In *State v. Collins, 19 Ark., 587,* it was applied to a case strikingly like the present. The indictment here follows the language of the statute literally; and it apprises the defendant, with reasonable certainty, of the nature of the accusation against him, enabling him to prepare his defence and to plead the judgment as a bar to any further prosecution for the same offence.

2. SAME:
Same: Surplusage in indictment.

It is moreover objected that Moose is indicted for a failure to perform an impossibility, viz.: to report, on the 11th of May, the financial condition of the county on the 30th of June following. One of the items in the published account of the county's finances is to be the amount of the expenditures for all purposes during the fiscal year. What is the fiscal year? When does it begin and end? The law has nowhere defined the phrase, so far as we can find. The Prosecuting Attorney, who drew the indictment, assumed it to be the year extending from July 1 to June 30 next ensuing. If this assumption be correct, then the indictment was insensible; for Moose could not, unless he was a prophet, state on the 11th of May the correct amount of disbursements down to the 30th of June; nor could the collector, at any time prior to the 11th of May, have a complete settlement of the revenue derived from licenses for the year ending June 30.

The fiscal year, then, so far as it relates to the financial operation of the counties, must mean the current year embraced between the dates of the collecter's annual settlements. These settlements are required to be made within ten days after the close of the sale of lands for delinquent taxes. And by the law then in force, this sale was fixed for the second Monday in April. *Mansf. Dig., secs. 5764, 5812.*

The words and figures, "June 30," in the indictment, must be rejected as surplusage and the expression "fiscal year end-

ing 1887," covers the period from the collector's settlement in 1886 to his settlement in 1887.

As there is no bill of exceptions in the case, nothing is presented for our consideration except the sufficiency of the indictment. The defects in the indictment are not prejudicial to the substantial rights of the defendant; and it is our duty to disregard all formal defects. *Mansf. Dig.*, *sec. 2107*. Before the defendant could have been found guilty, the State must have proved that a settlement was had with the collector in the year 1887, and that, for thirty days thereafter, the defendant neglected to discharge the duty which the statute imposed upon him.

Removal from office seems to be a punishment out of all just proportion to the nature of the delinquency. But the business of courts is to administer the laws, not to make them.

Judgment affirmed.