ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* CADY.

Opinion delivered March 3, 1900.

VENUE—JUDICIAL NOTICE.—Where the only proof of the venue of the killing of a mule by a railroad train was the testimony of a witness that it was killed "near Glenwood," the court cannot take judicial notice that the killing occurred in the county of Phillips in which suit was brought. (Page 513.)

Appeal from Phillips Circuit Court.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

This suit is to recover damages for the alleged killing of a mule. The complaint is as follows: "The plaintiff, Henry Cady, for cause of action against the defendant, St. Louis, Iron Mountain & Southern Railway Company, states that on the 18th day of July, 1898, said defendant wilfully, negligently, carelessly ran its train over a mule, the property of said plaintiff, of the value of one hundred and ten dollars, thereby killing said mule. Wherefore plaintiff prays judgment for said sum of one hundred and ten dollars, and for all other relief."

The answer reads as follows: "For answer to plaintiff's complaint defendant denies that on the 18th day of July, 1898, or at any other time, it wilfully, negligently or carelessly ran its train of cars over a mule; and denies that the mule was

the property of the said plaintiff, or that it was of the value in said complaint stated. Wherefore it asks to be dismissed, with its costs.

A witness for plaintiff testified: "I saw some mules on the railroad, eating grass, as near as I could state about it. The train was on the other side of the culvert at Glenwood. The mules were on this side, between the two banks. The mules were on this side, and the train never started to blowing until it got pretty near to the mules. The black mule jumped off, and the iron gray didn't have time to get off. It killed him on this side of my house, and took him on the other. I don't know how many steps it was."

Another testified: "I was going from town, and met the Iron Mountain train up by the Allen Polk place, and when I got there this woman that testified here a little while ago says: "There is your mule down there that the train killed." I jumped out, and went down, and looked at the mule, and saw it was my mule. He was still warm. The train had dragged him as far as from here to Major Hornor's house (about 150 yards) on the track, and had come to a steep place, and he had fallen off, and had laid up by the side of the railroad." There was a judgment for $110.

*Dodge & Johnson*, for appellant.

Actions for the killing of stock must be brought in the county where the killing occurred, and the complaint must so state.   Sand. & H. Dig., § 6322; 38 Ark. 205; 55 Ark. 282.

*Quarles & Moore*, for appellee.

If the jury and court could know from the evidence when the killing took place, that was sufficient, and the evidence supplies the defect of allegation.   29 Ark. 293; 53 Ark. 46; 57 Ark. 359.   There is evidence to support the verdict, and it will not be disturbed here.   49 Ark. 122.

WOOD, J., (after stating the facts.) Appellant urges reversal of the judgment for the reason that no jurisdiction is shown in the circuit court to render judgment herein.   Sec. 6352 of Sand. & H. Dig., (sec. 4 Act of February 3, 1875) as construed in *Little Rock & F. S. Rd. Co.* v. *Chilton*, 38 Ark. 205, requires the plantiff to allege

and prove that the injury occurred in the county in which suit was brught.    There was no such proof in this record.    It is shown that the killing occurred near Glenwood.    But we cannot find that Glenwood is a town, village or postoffice in this state.    We do not know what it is, nor where.    Appellee's counsel suggest that it is a railway station.    That does not appear in the record however.    There is not enough in the record to indicate that the court below must have known by common knowledge where Glenwood was.    We do not know, and do not think that judicial cognizance should be taken of the fact that "Glenwood is in Phillips county."    The case does not come within the rule in *Wilder* v. *State*, 29 Ark. 293, *Forehand* v. *State*, 53 Ark. 46, or *Railway Company* v. *Petty*, 57 Ark. 359, cited by appellee. Nor, indeed, within the purview of the things of which courts take notice.    1 Greenl. Ev. (16 Ed.) § 5.

The judgment is therefore reversed, and the cause is remanded for a new trial.