## COX v. STATE.

Opinion delivered December 8, 1900.

1. JUDICIAL NOTICE—COUNTY LINES.—Courts take judicial notice of county lines as described in public acts. (Page 463.)

2. CRIMINAL LAW—VENUE.—Proof that whiskey was sold upon a steamboat on a certain river, the center of which is the boundary line between Lafayette and Miller counties, will not support a conviction of selling liquor in Lafayette county. (Page 463.)

3. VENUE—BURDEN OF PROOF.—The burden is on the state in criminal cases to prove the venue. (Page 463.)

Appeal from Lafayette Circuit Court.

CHAS. W. SMITH, Judge.

*King & Searcy*, for appellant.

No venue is proved. 23 Ark. 156. The burden of proving venue is on the state. 42 Ark. 73–77. So much of § 1938, Sand. & H. Dig., that authorizes an indictment to be found and a trial had in either county where the boundary line is uncertain is unconstitutional. Decl. Rights, § 10, Const. 1874. Legislature cannot invest a court with jurisdiction of crimes committed beyond the limits of the county. 30 Ark. 41; 32 Ark. 565. The first instruction given was based on a false assumption. 57 Ark. 1; 36 Ark. 242; 34 Ark. 224. There was no evidence that the offense was committed on the boundary line. 34 Ark, 469; 34 Ark. 275; 13 Ark. 319. Courts take judicial notice of the divisions of the state into counties, their boundaries *et cetera*. 34 Ark. 224.

*Jeff Davis*, Attorney General, and *Chas. Jacobson*, for appellee.

The proof shows the boundary line between Lafayette and Miller counties is Red river, and § 1938, Sand. & H. Dig., settles the question.

HUGHES, J. This is an appeal from a judgment of conviction upon an indictment for selling whiskey unlawfully. The

indictment charges that the appellant sold the whiskey in Lafayette county, Arkansas. The proof is that the whiskey was sold on the steamer Waukeshaw, upon Red river. The center of the main channel of Red river is the boundary line between Lafayette and Miller counties. This line is fixed by act of the legislature, which was in proof in the case. Act December 22, 1874, § 1, creating Miller county. Besides, the court takes judicial notice of county lines as described in public acts. *Bittle* v. *Stuart*, 34 Ark. 224.

The evidence to show on which side of this boundary line the whiskey was sold is not satisfactory to us. Therefore, it seems there is a failure to prove the venue. It is true, W. H. Baker, captain of the steamboat Waukeshaw, over the objection of appellant, was allowed to testify that Red river was considered the boundary line between Lafayette and Miller counties; but this was error, the line having been fixed by act of the general assembly, according to which it is not Red river, but the "center of the main channel of Red river." There is no uncertainty as to the boundary line between these two counties, but the uncertainty is as to the place where the offense was committed, whether it was on the one or the other side of this line. *State* v. *Rhoda*, 23 Ark. 156. The burden of proving the venue was on the state. *Scott* v. *State*, 42 Ark. 73, 77.

The court committed error in the first instruction given for the state, which assumes that Red river was the boundary line between Lafayette and Miller counties, and, even if there was evidence from which the jury might have found that the venue was proved, the giving of this instruction was prejudicial error, for which the judgment is reversed, and the cause is remanded for a new trial.

BUNN, C. J., and BATTLE, J., not participating.