BROWNSON *v.* STATE.

Opinion delivered December 20, 1909.

1. LIQUORS—CLANDESTINE SALES—DEVICE.—The sale of prohibited liquor, either openly or secretly, under guise of a deceptive name, constitutes a "device" within the meaning of the statute against the clandestine sales of liquors. (Page 22.)

2. INSTRUCTION—ABSTRACT PROPOSITION.—Refusal of the court to give an instruction which was not applicable to the evidence was not prejudicial. (Page 23.)

3. JURY—MISCONDUCT—TASTING LIQUOR.—If it be error to permit the jurors in a case to taste liquor seized upon defendant's premises for the purpose of discovering its character, such error was not prejudicial if it is undisputed that the liquor is of the kind whose sale is prohibited by law. (Page 23.)

Appeal from Benton Circuit Court; *Joseph S. Maples,* Judge; affirmed.

*J. A. Rice,* for appellant.

The mere keeping of malt tonic for sale openly and without the aid or intervention of a device of some kind is not unlawful. 45 Ark. 173. The stuff sold or kept for sale must contain the elements necessary to constitute an intoxicating liquor in such form as it may be used as a beverage. 69 Ark. 361.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

To sell malt liquor indirectly, as by furnishing it as a medicine, rather than directly over the counter, is a device, pure and simple, such as the law was intended to prohibit. 22 S. W. 370; 85 N. W. 12; Black on Intox. Liq., § § 405 and 456. That the officers found either liquor or a United States license on the premises searched makes a *prima facie* case against the defendant. 77 Ark. 143; 83 Ark. 102; 88 Ark. 393. The law forbids the maintaining of a place where liquors are either sold or given away. Kirby's Dig., § § 5140 to 5148; 86 Ark. 567. The statute prohibits the sale of such drinks as a beverage, whether intoxicating or not. Kirby's Dig., § 5093; 56 Ark. 444; 69 Ark. 360. An objection to an instruction cannot be heard here for the first time. 1 Ark. 349.

McCULLOCH, C. J. Appellant was arrested and tried before a justice of the peace in Benton County upon information filed

by the prosecuting attorney charging him with violating the "blind tiger" statute. In the information appellant is charged with using and controlling a certain house in the town of Monte Ne in which he is engaged in conducting a drug business, and that openly and secretly by means of device he unlawfully did sell and give away, and cause to be sold and given away, and kept and allowed to be kept for sale and to be given away, alcoholic, ardent, vinous, malt and fermented liquors and intoxicating spirits and compounds, etc. He was convicted before the justice of the peace, and on appeal to the circuit court a trial before a jury resulted in a conviction, and he appeals to this court.

Upon the filing of the information before the justice of the peace, a warrant was issued for the arrest of appellant, and an order for the search of his premises, and, upon search being made, the officers found in the house a large number of bottles of liquor called "Shuster's Malt and Hop Liquid," stored under the counter. The bottles were in a barrel,· which originally contained 100 bottles, but which had only 80 bottles in it when found. This liquor was proved to be nothing more nor less than beer, or, as the witnesses describe it, a cheap grade of beer. It is also conceded to contain a small per cent. of alcohol. The officer also found in the house a special tax stamp issued by authority of the United States to appellant, denoting the payment of special tax on the sale of liquor. This receipt was exhibited to the officers by appellant. The statute under which appellant was tried is as follows:

"Sec. 5140. Any person owning or using or controlling any house or tenement of any kind who shall sell or give away, or cause or allow to be sold or given away, or keep or allow to be kept for sale or to be given away, any alcohol, ardent or vinous spirits or malt liquors, or any compound or tincture commonly called bitters or tonics, whether the same be sold or given away openly or secretly, by such device as is known as 'the blind tiger,' or by any other name or under any other device, shall be deemed guilty of a misdemeanor."

"Sec. 5143. Whenever any person shall file with any justice of the peace, or the mayor of any town or city, a statement, under oath, that he has reason to believe, and does believe, that the person named in the affidavit has violated any

of the provisions of this act, it shall be the duty of the prosecuting attorney, or the attorney so appointed to represent him or the State, to file an information before said justice of the peace or mayor, who shall issue thereon a writ for the arrest of the person so charged and take him before the officer issuing such writ for trial."

"Sec. 5144. If the person making the affidavit shall state the house, room or place in which he believes the things herein prohibited are sold or given away, the officer to whom the writ is delivered shall forthwith enter such house and the different rooms and apartments therein, whether opened or closed, whether by day or by night, and search for such spirits or liquors; and if any be found therein, or a United States license to sell such liquors, it shall be *prima facie* evidence of the guilt of the party owning or controlling the house; and if he find any person else in charge of such liquors, he shall arrest him also and bring him before the officer issuing the writ for trial."

It is insisted, in the first place, that the evidence does not sustain the verdict, but we entertain no doubt that there was sufficient evidence. It will be noted that the statute quoted above provides that, upon search of the premises, "if any (liquor) be found therein, or a United States license to sell such liquors, it shall be *prima facie* evidence of the guilt of the party owning or controlling the house." It is undisputed that appellant owned or controlled the house, and was conducting a drug business therein. The liquor was found therein, as well as the special tax stamp, or "United States license," as it is termed in our statute. Thus it will be seen that a *prima facie* case was made out on two grounds. The evidence shows beyond doubt that the liquor was of the kind the sale or giving away of which is prohibited by law. *Bradshaw* v. *State*, 76 Ark. 562. There is nothing in the evidence to overcome this *prima facie* case, for the testimony plainly shows that the liquor was kept there for sale. At least one witness testifies that he bought some of the stuff from appellant at his place of business, and appellant admitted to the officers that he kept it there for sale, and expected to sell more of it "when the summer trade opened up."

The sale of the prohibited liquor, either openly or secretly, under guise of a deceptive name, constituted a "device" within

the meaning of the statute. *Crawford* v. *State,* 69 Ark. 360.

Appellant complains of the refusal of the court to give the following instruction: "The court instructs the jury that a sale or gift of any of the intoxicants mentioned in the charge to patients or persons at places other than the business place of defendant, and of which he is charged of running as a 'blind tiger,' would not authorize the jury to convict the defendant of running a blind tiger."

Appellant was not prejudiced by the refusal to give this instruction, because there was no testimony introduced tending to show sales at other places, and appellant was not charged in the information with sales made at other places. Moreover, the court did instruct the jury that "the mere furnishing of a sick patient with liquor for a tonic would not of itself constitute the offense charged." The court in its instruction confined the consideration of the jury to the offense prescribed by the statute quoted above and charged in the information.

The record shows that during the progress of the trial a bottle of the liquor seized by the officers was exhibited to the jury, and several of them examined the bottle and tasted its contents. This was objected to by appellant's counsel, and is now assigned as error, on the ground that it gave the jurors an opportunity to discover for themselves and upon their own judgment whether or not the liquor was intoxicating. No misconduct of the jury is shown in drinking any appreciable quantity of the liquor. It only appears that they examined and tasted it merely for the purpose of discovering its character. We do not deem it necessary to pass upon the question whether it was error to permit the jurors to examine and subject it to the analysis of their own taste and smell for the purpose of determining its character and qualities, as we find no prejudice in this case resulting from such course. As we have already said, it is undisputed that the liquor was of the kind which the law forbids the sale or giving away of. Therefore there could be no prejudice in allowing the jury, by subjecting it to taste, to determine whether the liquor was of this kind or not.

We find no prejudicial error in the record, and the judgment is affirmed.