The judgment is therefore reversed, and the cause is dismissed.

HART, J., dissents.

---

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY CVMPANY

*v.* WEATHERLY.

Opinion delivered January 24, 1910.

VENUE—SUFFICIENCY OF PROOF.—Evidence that plaintiff's animals were injured by defendant's train within a few hundred yards of a certain village, which appears upon the map to be several miles distant from the boundaries of the county, is sufficient to justify a finding that the injury occurred within the county of the venue.

Appeal from Crittneden Circuit Court; *Frank Smith,* Judge; affirmed.

*Kinsworthy & Rhoton, G. D. Henderson* and *James H. Stevenson,* for appellant.

·1. The presumption of negligence arising from the killing of the stock was clearly overcome by testimony which was in itself consistent and reasonable and not contradicted in any material point. The jury should have been instructed to find for the defendant. 67 Ark. 514; 78 Ark. 234; 89 Ark. 120; 80 Ark. 396.

2. The stock is not shown to have been killed in the county where suit was brought. Proof of the venue is jurisdictional. Kirby's Dig., § 6776; 70 Ark. 346; 72 Ark. 376; 67 Ark. 512.

*Smith & Smith,* for appellee.

1. There was ample evidence to support the verdict, and it was for the jury to pass upon all of the evidence and its consistency and reasonableness.

2. The complaint alleges that the animals were killed and injured in Crittenden County, near Blanton, and the answer does not deny it. The evidence proves it, and the court can take judicial knowledge of the fact that Blanton is in Crittenden County. 68 Ark. 289; 53 Ark. 48.

Hart, J. This is an appeal from a judgment against the defendant for damages for killing two mules and injuring two others belonging to the plaintiff.

The occurrence happened on the 5th day of October, 1908, near Blanton at the first trestle east of it; and the train was running at the rate of 25 or 30 miles per hour. The engineer testified that the train was composed of about 38 freight cars, and that the air brakes were in good condition. The mules got on the track near the road crossing. When the engineer first saw them, they were coming up the dump 300 feet ahead of the engine. They ran east along the track towards a trestle about 800 feet from where they came on the track. When the engineer saw the mules, he immediately applied the emergency brakes and endeavored to stop the train. When the engine struck the mules, its speed had been reduced to three or four miles per hour. The first mule was struck before, and the others after, the trestle was reached. The pilot of the engine was about 60 feet from the west end of the trestle when the train stopped. One of the mules was left on the trestle with its legs down in it. The engineer says that he was keeping a lookout, and that the mules came on the track from his side. He did

not remember that he sounded the stock alarm, but says that he did blow for the crossing.

The fireman says that the mules were grazing when he first saw them. He was ringing the bell for the crossing. He thinks three of the mules came on the track from one side and two from the other. He says they came on the track between the crossing and the trestle, and he called the engineer's attention to the fact when they came on the track. The engineer did not apply the emergency brake until the engine was between the crossing and the trestle. The crossing was about one hundred yards from the trestle. The engine had to be backed off from one of the mules when it stopped.

Other witnesses testified that the stock alarm was not sounded, and that they examined the road bed and found the tracks of the mules on it west of the crossing. The tracks from there to the trestle indicated that the mules were running fast. One of the witnesses said that it was about one-fourth of a mile from where the mules went upon the track to the trestle.

The plaintiff said that the marks on the trestle showed that one of the mules was dragged nearly across it after being struck, and another one or may be two bents. The track was level, and the view of the right of way was unobstructed. Had the engineer sounded the stock alarm when he first saw the mules climbing the dump, he might have scared them off.

The testimony of the engineer and fireman is contradicted as to the place the mules came on the track. The engineer says that it was near the road crossing. The fireman says they got on between the crossing and the trestle, and other witnesses say that the tracks showed that the mules got on the track west of the crossing. The train was running east. The engineer says the mules came on the track three hundred feet ahead of him and ran toward the trestle eight hundred feet distant. Other evidence places the distance at one-fourth of a mile. These and the other circumstances adduced in evidence presented a conflict in the testimony, making the submission of the issue of fact proper, and the verdict of the jury is binding upon us.

It is earnestly insisted by counsel for appellant that there is nothing in the record to show that the injury occurred in the county where the suit was brought. The complaint alleges that

the injury occurred at the town of Blanton in Crittenden County, Arkansas. The answer of appellant does not deny that the mules were killed or injured at or near Blanton in Crittenden County, but only denies that it negligently ran its train of cars against the property of appellee while operating its train through the town of Blanton or elsewhere. This may be taken as an admission of the injury to the property in Crittenden County, and that Blanton was a town on appellant's line of road in that county; and only a denial of the negligence of appellant in injuring them. But, if we are mistaken in this, the plaintiff's witnesses all testified that they lived at Blanton. The map of the State of Arkansas, purporting to contain its counties, townships, sections, cities, towns and villages, distributed for use by appellant, shows that Blanton is a town or village on its line of railroad in Crittenden County, and that its location is several miles distant from the boundaries of the county. It is true that the official postal guide of the United States of December, 1908, being the official monthly supplement to the Postal Guide of July, 1908, shows that Blanton was discontinued as a postoffice, but the very fact that it was reported as discontinued in December is a recognition that it was a postoffice before that time. Hence the case does not come within the rule announced in *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Cady,* 67 Ark. 512. The proof shows that the injury occurred within a few hundred yards of Blanton. This was sufficient to warrant the jury in finding that the injury occurred in Crittenden County. *Forehand* v. *State,* 53 Ark. 46; *St. Louis, I. M. & S. Ry. Co.* v. *Magness,* 68 Ark. 289; *Wilder* v. *State,* 29 Ark. 293.

The judgment is therefore affirmed.