## Long *v*. State.

### Opinion delivered April 25, 1910.

GAMING—SUFFICIENCY OF EVIDENCE.—A conviction of gaming will be sustained by evidence that defendants and three others were seen playing cards, and that one of the players was seen to pass something across the table which the witness took to be a bill, as it is a matter of common knowledge that all forms of paper money are commonly called "bills."

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; affirmed.

*George W. Dodd,* for appellant.

Proof of participating in the game is not sufficient; the

State must show participation in the wager. 114 S. W. 920. There is no proof of any joint betting. 9 Ark. 193.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

The proof was sufficient to authorize the verdict. 3 Ark. 66. It is for the jury to determine whether persons holding cards were playing a game of cards. 59 Ala. 89; 83 Ga. 575; 10 Tex. 545.

HART, J. The defendants, Ed Long, Miles O'Malley and one Treadway, were jointly indicted for the offense of gaming. Long and O'Malley were tried together. The jury returned a verdict of guilty, and the defendant Long has duly prosecuted an appeal from the judgment rendered.

Aaron Hill was the only witness in the case, and his testimony, after stating that he was acquainted with the parties, is as follows:

"Q. State to the jury whether or not about the first day of October, 1908, or within one year next before the 19th day of January, 1909, in the Greenwood District of Sebastian County, you saw the defendants, Miles O'Malley and Ed Long, bet any money or other valuable things on a game of cards? A. I cannot say whether I did or not. Q. State whether you saw them playing cards. If so, what transpired? A. Somewhere along about that time I went into a room of a certain house, and saw defendants, Ed Long and Miles O'Malley, and one Treadway and two other fellows whom I did not know, and whom I do not now know, playing cards. They were all five playing. I saw one of them pass something across the table which I took to be a bill. It was folded up, and I could not see any figures on it, but it looked like a bill. I do not remember which one it was [that] passed it across the table, but I believe Miles O'Malley is the one that got it. Cross Examination: Q. Can you state what kind of a game they were playing? A. No, I do not know. I was not there very long. Q. Do you know for what purpose the bill, if it was a bill, was passed from one to the other? A. I do not; I cannot say."

We do not agree with the contention of counsel for defendant that the evidence did not warrant the verdict. In reaching a conclusion upon a given state of facts, the members of

the jury necessarily apply the experience and knowledge used in the ordinary affairs of life. It is a matter of common knowledge that all forms of paper money are commonly called "bills," and we think that the jury, from the state of facts in evidence in this case, might legitimately infer that the witness was speaking of some form of paper currency, but on account of the manner in which the bill was folded he was unable to testify of what denomination it was. Of course, it is possible that it might have been a bill of account presented by one of the players to the other for payment; but the jury had a right to use their common sense, and might have inferred, as their verdict shows they did infer, that the bill referred to by the witness represented money used by the players in betting on the game of cards. This is the natural impression that would have been made upon the minds of reasonable men by the use of the word "bill" in the connection in which it was spoken.

The defendant, Ed Long, was one of the players in the game, and the jury were warranted under the facts and circumstances adduced in evidence in finding him guilty.

The judgment will be affirmed.