## KINNANNE *v.* STATE.

## Opinion delivered January 27, 1913.

1. LIQUORS—SELLING INTOXICATING LIQUORS.—Proof that witness bought liquor out of a bar room on defendant's boat, that witness was not looking for water, but was looking for fire water, and that other persons bought liquor at the bar, is sufficient to warrant a jury in finding that defendant sold intoxicating liquor. (Page 339.)

2. LIQUORS—CLANDESTINE SALE—DEVICE.—Proof that defendant operated a boat which took on people at a landing in Mississippi County, charging them no fare, and let them off a mile and a half up the river, and that defendant sold liquor to any one who wished to buy it, is sufficient to show that the sale was by a device known as a "blind tiger," within § 5140 of Kirby's Digest. (Page 340.)

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; affirmed.

### STATEMENT BY THE COURT.

The indictment in this case charged that the defendant, Ambrose Kinnanne, using and controlling a certain steamboat on the Mississippi river, called the Harry Lee, did unlawfully on said boat by device and stratagem sell intoxicating liquors.

Ned Ayers, for the State, testified: Some time during the year prior to the 10th day of May, 1910, the steamer, Harry Lee, landed near Osceola, in Mississippi County, Arkansas. A crowd of us got on the boat. I did not pay any fare and I did not see any one else pay any. There was a bar room on the boat and they were selling liquor to any one that wanted to buy it. After I had been on the boat some ten or fifteen minutes, I bought a quart of liquor from Ambrose Kinnanne. The boat then was at least 350 yards from the Arkansas bank of the river. I got off at a landing called Buttolff, about a mile and a half north of Osceola. The steamer Harry Lee pretended to haul passengers and freight.

Cross examination. I was on the east side of the boat when I bought the liquor and could not see the Arkansas bank. He was asked if he could recall the stage of the water, and replied that he could not. He was then asked, "You were not looking for water?" and answered, "No, sir; firewater was what I was looking for."

On redirect examination, he stated that in his judgment, the boat was about 350 yards out in the river when he bought the liquor.

Other testimony for the State showed that the Mississippi river was about two miles wide along here, and that it was more than one mile wide at any point from Osceola to Luxora. It was also shown that Buttolff landing and the intermediate points between it and Osceola are in the Osceola district, Mississippi County, Arkansas.

The jury returned a verdict of guilty, and the defendant has appealed.

*E. S. Westbrook,* for appellant.

1. There is no evidence that the liquor was intoxicating. 34 So. 307-8; 64 N. W. 1076; 34 Ark. 341; 39 S. E. 318; 41 N. W. 299; 4 Atl. 862-3.

2. The "blind tiger" act is highly penal and should be strictly construed. There is no evidence of a clandestine sale. 64 Ark. 188; Kirby's Digest, § § 5140, 5125; 42 S. E. 274, 720; 45 Ark. 175.

3. The *venue* was not proven. 40 Ark. 501; 147 U. S. 239; 5 Am. St. 536.

*Hal. L. Norwood,* Attorney General, *Wm. H. Rector,* Assistant, for appellee.

1. The jury was authorized in finding that the liquor was intoxicating. 64 N. W. 1076; 89 N. C. 974; 20 Barb. (N. Y.) 248; 89 N. C. 576; Joyce on Intoxicating Liquors, § 2.

2. The manner in which appellant sold liquor was such as to constitute a "blind tiger." 45 Ark. 175; 64 *Id.* 188; 69 *Id.* 360; 93 *Id.* 22; 77 *Id.* 475.

3. As to the boundary line, see *Kinnanne* v. *State,* 106 Ark. 286.

HART, J. (after stating the facts). It is first contended by counsel for defendant that the State failed to show a sale of intoxicating liquor. It is true the witness did not state in express terms that he bought intoxicating liquor. He did state, however, that he bought liquor out of a bar room on the boat, and that he was not looking for water, but that he was looking for firewater, and that many other persons got on the boat at Osceola and were buying liquors at the bar. The jury had a right to use its common sense, and in view of the surrounding circumstances, were warranted in finding that the liquor sold was intoxicating.

"Both intoxicating and nonintoxicating liquors are included within the meaning of this word. In its ordinary acceptation, however, it is understood as implying those liquors which are of an intoxicating nature; that is, such as are ordinarily used as a beverage and which tend to and will intoxicate." Joyce on Intoxicating Liquors, § 2.

In the case of *Long* v. *State,* 94 Ark. 570, the court held: "A conviction of gaming will be sustained by evidence that defendants and three others were seen playing cards, and that one of the players was seen to pass something across the table which the witness took to be a bill, as it is a matter of common knowledge that all forms of paper money are commonly called 'bills.'"

So, here, the jury were warranted in finding that the witness used liquor in the ordinary sense of the word, and the evidence justified the verdict.

It is next contended by counsel for defendant that the proof as to the manner in which the defendant sold liquor upon the steamboat was not sufficient to show that the sale was made by a device commonly known as a "blind tiger," within the meaning of section 5140, of Kirby's Digest. The testimony of the prosecuting witness showed that the boat landed near Osceola and took on a crowd of people; that he was not charged any fare and did not see any one else pay any fare; that the boat then began to pull out toward the middle of the river, and after a short time, defendant began to sell liquor to any one who wished to buy it; that the boat then pulled back to a landing about a mile and a half north of Osceola and discharged its passengers; that the boat pretended to be a carrier of freight and passengers. It was the evident purpose of the persons operating the boat to escape the jurisdiction of the Arkansas courts and to clandestinely make a sale of intoxicating liquors. We think the facts and circumstances adduced in evidence show that the sale was by a device within the meaning of the statute. *Glass* v. *State,* 45 Ark. 173; *Brownson* v. *State,* 93 Ark. 20.

Finally, it is insisted by counsel for the defendant that the court erred in its instruction to the jury on the question of the boundary line between the States of Arkansas and Tennessee. The contention of defendant has been settled adversely to him in the case of *Kinnanne* v. *State,* 106 Ark. 286, in which an opinion is this day handed down.

The judgment will be affirmed.