## KING *v.* STATE.

### Opinion delivered January 12, 1914.

1. CRIMINAL LAW—VENUE—HOW PROVED.—Venue in a criminal case may be proved by circumstances, and need only be proved by a preponderance of the testimony. (Page 596.)

2. EVIDENCE—CRIMINAL TRIAL—VENUE.—The court will take judicial notice that a town, in which a witness testified that he lived, was located in a certain county. (Page 597.)

3. EVIDENCE—DYING DECLARATIONS—ADMISSIBILITY.—Evidence that deceased said: "I can't possibly get well. Will King is the negro that shot me," is competent as a dying declaration, where other testimony shows that deceased had the opportunity of seeing and knowing who shot him. (Page 597.)

Appeal from Poinsett Circuit Court; *W. J. Driver,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellant appeals from a judgment convicting him of murder in the first degree for the killing of one James Chandler. A deputy sheriff of Poinsett County lived at Tyronza, Arkansas. He and Chandler left the station and went down the dirt road to appellant's house. The

deputy sheriff went to appellant's home to arrest appellant's brother on a charge of murder, and while the deputy was attempting to make this arrest, the killing of Chandler took place for which appellant was convicted.

About two days before Chandler died, he said to his wife: "Mama, I can't possibly get well. Will King is the negro that shot me." Chandler accompanied the deputy sheriff of Poinsett County to the house of appellant to assist the deputy in making the arrest, and the testimony shows that Chandler had the opportunity of seeing the appellant and of knowing whether he fired the fatal shot.

*Gordon Frierson* and *Roy E. Howser,* for appellant.

1. There was no proof of *venue.* 58 Ark. 390-6; 56 *Id.* 226; 68 *Id.* 561; 6 Gery (Tenn.) 364; 100 Va. 860; 4 L. R. A. 33.

2. Mrs. Chandler's testimony was inadmissible. 2 Wigmore on Ev., § § 1438-1440.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. Courts take judicial notice of towns, cities, etc., by name. 29 Ark. 293; 53 *Id.* 46; 90 *Id.* 596-599. Tyronza is in Poinsett County.

2. The admission of the dying declaration was proper. 159 S. W. 211-214.

WOOD, J., (after stating the facts). Appellant contends that the testimony fails to establish the venue, and that the court erred in admitting the testimony of Mrs. Chandler as to what her husband said to her.

1. Venue, in a criminal case, may be proved by circumstances, and it need only be proved by a preponderance of the testimony. *Nicholls* v. *State,* 102 Ark. 266-271, and cases there cited.

The deputy "lived at Tyronza, Arkansas." The court and jury were warranted in taking judicial knowledge that Tyronza was located in Poinsett County. If Tyronza had been a county, township, river or lake, witness would hardly have testified that he lived at Tyronza.

The court and jury were warranted in taking judicial notice that Tyronza was a town situated in Poinsett County, Arkansas, and that a mile and a half south of this town was within the limits of Poinsett County.

In *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Weatherby,* 93 Ark. 269, the proof showed that the injury occurred within a hundred yards of Blanton. We held this sufficient to warrant a jury in finding that the injury occurred in Crittenden County; and in *Bell* v. *State,* 93 Ark. 600, the evidence shows that the sale was made in Jenny Lind. We held this sufficient to establish the venue in the Greenwood District of Sebastian County. See, also, *Wilder* v. *State,* 29 Ark. 293; *Forehand* v. *State,* 53 Ark. 46; *St. Louis, I. M. & S. Ry. Co.* v. *Magness,* 68 Ark. 289; *Lyman* v. *State,* 90 Ark. 596.

2. The court did not err in admitting the testimony of Mrs. Chandler.

There was testimony to warrant the jury in finding that Chandler had the opportunity of seeing and knowing who shot him. The jury were warranted, therefore, in finding that his declaration was not a mere matter of opinion on his part, but the statement of a fact, and a sufficient foundation was laid to make this testimony competent as a dying declaration. *Scoggin* v. *State,* 109 Ark. 510.

Affirmed.