JOHNSON v. STATE.

Opinion delivered February 27, 1922.

1. WITNESSES—COMPETENCY OF CONVICTS.—Under Crawford & Moses' Dig., § 4145, State convicts are not disqualified from testifying in any action, civil or criminal; but the evidence of his conviction goes only to his credibility.

2. INTOXICATING LIQUORS—EVIDENCE.—Evidence held to sustain a conviction of selling intoxicating liquor.

3. CRIMINAL LAW—JUDICIAL NOTICE.—The court takes judicial cognizance of the fact that whiskey is intoxicating.

4. CRIMINAL LAW—INSTRUCTION—WHEN NOT PEREMPTORY.—An instruction that if the jury believes any witness has testified falsely to any material fact they may disregard the whole of his testimony except such of it as they may believe to be true is not open to the objection that it is peremptory in substance.

5. Criminal law—proof of another offense.—Proof of another offense than the one charged is admissible where the crimes are so related to each other that proof of one tends to establish the other or to connect the defendant with the commission of the crime charged.

Appeal from Lincoln Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*A. J. Johnson* and *Henry W. Smith,* for appellant.

The court erred in admitting the testimony of Tom Cogbill, tending to establish the commission of another crime.

Instructions 1 and 2 were incorrect and conflicting, and therefore, error. 89 Ark. 213; 55 Ark. 397.

The verdict is so clearly against the weight of the evidence as to shock the sense of justice, and should be reversed. 70 Ark. 385.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistans, for appellee.

The evidence of Cogbill was admissible as it was a part of the entire transaction and so linked with the offense charged, as to point of time and circumstances, that one cannot be fully shown without proving the other. 8 R. C. L. sec. 195, p. 199; Bishop's New Crim. Pro., vol. 2, secs. 1120-1121; 37 Ark. 261; 52 Ark. 303; 84 Ark. 16; 91 Ark. 555.

Witnesses are not disqualified because they are convicts. Sec. 4145, C. & M. Digest. Their credibility is a question for the jury. 36 Ark. 653; 32 Ark. 220.

It was not error to instruct the jury as was done in instruction No. 6, that whiskey is intoxicating. 37 Ark. 219; Joyce on Intoxicating Liquors, sec. 34, p. 41.

Hart, J.    Bull Johnson prosecutes this appeal to reverse a judgment of conviction against him for selling intoxicating liquors.

It is earnestly insisted by counsel for the defendant that the evidence is not sufficient to warrant the verdict. The defendant lived near the State convict farm in

Lincoln County, Arkansas, and the principal witnesses against him were three convicts and one of the wardens. One of the convicts testified that he bought a pint of corn whiskey from the defendant at his house in October, 1920, and also got some from him at Grady, during the same year; that he paid him a dollar for the whiskey each time, and that his folks sent him the money.

The second convict testified that the defendant lived about a half a mile from the State convict farm at Cummins, and that he bought a half pint of whiskey from defendant just before Christmas in 1920; that he paid him a dollar for the whiskey and got the money from home.

LeRoy Hill, another convict, testified that while he was a trusty he would steal oats from the barn on the convict farm and leave them outside for the defendant, and in this way would pay the defendant for the whiskey he got from him; that he got whiskey from the defendant several times; that he never paid the defendant any money for the whiskey, but just traded the oats for it; that he escaped from the convict farm soon after he stole the oats.

Still another convict testified that he was with LeRoy Hill when he got a bottle from the defendant, but does not know what was in the bottle.

Tom Cogbill, a warden at the State farm, testified that he found the stolen oats at the defendant's house and identified them just after LeRoy Hill escaped.

This testimony was sufficient to warrant a conviction In this State convicts are not disqualified from testifying in any action, civil or criminal; but the evidence of his conviction only goes to his credibility. Crawford & Moses' Digest, § 4145.

It is true that the defendant denied selling the whiskey to the convicts, and introduced other evidence tending to corroborate his testimony. The evidence in behalf of the defendant, however, did not overcome the evidence for the State. It only made a conflict in the evidence,

and the jury, being the judges of the credibility of the witnesses might, under the statute, find for the State, although the witnesses were convicts.

It is next insisted that the court erred in instructing the jury that whiskey. is an intoxicating liquor. In making this contention, counsel for the defendant recognized that it was held in *Edgar* v. *State,* 37 Ark. 219, that the court would take judicial cognizance that whiskey is an intoxicating liquor. Counsel contend, however, that the evidence tends to show that the whiskey charged to have been sold in the present case was made by the defendant himself out of corn.

In *Fears* v. *State,* 54 S. E. 661, the Supreme Court of Georgia held that it was not error for the court to charge that corn whiskey was intoxicating, since judicial cognizance is taken of the fact that whiskey is a spirituous liquor. It could make no difference whether the whiskey was made by the defendant or some one else and the court did not err in instructing the jury that whiskey is an intoxicating liquor.

Counsel for defendant also assigns as error the action of the court in giving instruction No. 3, which reads as follows: "You are not permitted to arbitrarily disregard the testimony of convicts solely because they are convicts, but you should weigh their testimony as you would the testimony of other witnesses and apply the same rule; that is, you will consider their manner of testifying, their motives, if any appear, the reasonableness or unreasonableness of their testimony, their means of knowledge about which they testify, and you are the sole judges of the weight of the testimony and credibility of all the witnesses. Applying this rule, if you believe any witness in the case has testified falsely as to any material fact, you may disregard the whole of the testimony except such of it as you may believe to be true."

It is claimed that the first part of the instruction unduly emphasizes the testimony of the convicts, and that

the last sentence is peremptory in its nature. We do not think so. As we have already seen, our statute provides that no person shall be disqualified to testify in any action, civil or criminal, by reason of having been convicted of any felony or other crime whatsoever. Crawford & Moses' Digest, § 4145.

Therefore, the instruction is not open to the objection complained of, and the court properly gave it to the jury. The concluding sentence of the instruction might be said to be faulty in form or verbiage, but it is not open to the objection that it is peremptory in substance.

The next assignment of error is that the court erred in the admission of certain testimony to the jury, and this is the most serious question in the case.

LeRoy Hill, a convict, testified that he bought whiskey from the defendant several times and paid him by stealing oats from the barn on the State convict farm and placing them behind the barn for the defendant to get. Hill was a trusty, and soon after this escaped.

Tom Cogbill, one of the wardens, testified that he missed the oats from the feed house and saw where some of them had been spilled back of the house. He saw tracks of two mules which had drawn a buggy with wobbly wheels from the place where the scattered oats were found back of the barn and followed the tracks to where the defendant lived. The defendant had a buggy and two mules which corresponded with the tracks. Some oats in a sack tied and sewed with blue strings and bands in the same way as the oats taken from the feed house on the convict farm were found in the defendant's possession. Cogbill identified them as the oats which had been stolen from the barn on the convict farm. The defendant testified that he had bought the oats from a merchant at Grady.

Counsel for the defendant invokes the general rule, that it is not competent in the prosecution of one crime to introduce evidence of other offences. This rule is so well established that citation of authorities in its support is

unnecessary, but certain exceptions to it are equally well settled. They are clearly stated in *Billings* v. *State,* 52 Ark. 303, as follows: ''The general rule is well established, in civil as well as in criminal cases, that evidence shall be confined to the issue. It seems that the necessity for the enforcement of the rule is stronger in criminal cases. The facts laid before the jury should consist exclusively of the transaction that forms the subject of the indictment, and matters relating thereto. To enlarge the scope of the investigation beyond this would subject the. defendant to the dangers of surprise against which no foresight might prepare and no innocence defend. Under this rule it is generally improper to introduce evidence of other offenses; but if facts bear upon the offense charged, they may be proven, although they disclose some other offense. The test of admissibility is the connection of the facts offered with the subject charged. Such connection exists in a variety of cases, and in them it is often proper to prove one offense in a trial for another.''

Continuing, Judge Hemingway, who delivered the opinion of the court, stated the exceptions to the rule, and one of them is that such evidence is admissible when the offense charged and the offense proved are so connected that they form parts of one transaction. See also, *Starchman* v. *State,* 62 Ark. 538.

In the present case it was of some importance to trace into the defendant's possession the stolen oats. One of the convicts had testified that he had purchased whiskey from the defendant and paid for it with oats which he stole from the convict barn while he was a trusty. Soon after this he escaped, and one of the wardens discovered that the oats had been stolen and carried away in a wobbly buggy drawn by a pair of mules, and the warden followed the tracks to the defendant's house and found that he had a pair of mules and a buggy which corresponded with the tracks which he had traced from the barn to the defendant's house. He also found in the defendant's possession oats, which, by means of

a certain kind of sacks and strings, he identified as being the oats stolen from the State farm. This evidence was purely circumstantial and was in itself not very strong, yet it was relevant and proper for the consideration of the jury in connection with the other facts and circumstances tending to connect the defendant with the commission of the crime charged in the indictment. Another convict had testified that he saw the defendant deliver a bottle of something to Hill. The commission of both crimes was connected with each other and constituted a single transaction. Such evidence is competent where it tends to show that the crimes are so related to each other that proof of one tends to establish the other or to connect the defendant with the commission of the crime charged.

We find no reversible error in the record, and the judgment will be affirmed.