GRIFFIN *v.* STATE.

Opinion delivered September 28, 1925.

1.  INTOXICATING LIQUORS—UNLAWFUL SALE—EVIDENCE.—Evidence of witnesses that they had bought "liquor" from defendant *held* to sustain a conviction of selling intoxicating liquor.

2.  INTOXICATING LIQUORS—UNLAWFUL SALE—EVIDENCE.—In a prosecution for unlawful sale of intoxicating liquor evidence of the officer who arrested defendant that he found a small quantity

of liquor on the defendant's person was admissible as a circumstance tending to show his guilt.

3.  CRIMINAL LAW—IMPROPER ARGUMENT OF COUNSEL.—In a prosecution for the unlawful sale of intoxicating liquor it was prejudicial error to permit the prosecuting attorney, over objection, to argue that it was the duty of defendant to introduce evidence that the check alleged to have been given by one of the prosecuting witnesses for the liquor claimed to have been sold by defendant had never been issued, as it devolved upon the State to prove defendant's guilt.

Appeal from Clay Circuit Court, Western District; *W. W. Bandy,* Judge; reversed.

*C. T. Bloodworth,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, J. Jay Griffin prosecutes this appeal to reverse a judgment of conviction against him for the crime of selling intoxicating liquors in violation of the statute.

The first assignment of error is that the evidence is not legally sufficient to sustain the verdict. It was proved by the State that the defendant had sold liquors to two different persons on two different occasions. One of these witnesses testified that he bought one quart of liquor from the defendant and paid him $3 for it; that he took two drinks out of the bottle and had bought liquor from other people; that he never bought any liquor from the defendant except the one time; that he drank liquor, but had not drunk any liquor in a long time.

Another witness was asked if he had ever bought any whiskey from the defendant, and he answered that he had got liquor at his house; that he had gotten one quart; that he asked the defendant about liquor, or something to drink, and the defendant told him to go around his house and, if he found anything he wanted, to get it; that he went around the house and found a quart of liquor and left $1.25 in payment of it. We copy from his cross examination the following: "Q. Was it good liquor? A. No, sir; it wasn't good. Q. It wasn't as good as you had been getting? A. I had drunk better in Missouri when

liquor was in.  Q.  Since it is out, where do you get it?
A.  I still get it in Missouri."

This testimony, if believed by the jury, warranted it
in bringing in a verdict of guilty. It is true that the word
"liquor" includes both intoxicating and non-intoxicating
liquors. The jury might have found, however, that it was
used by the witness as implying those liquors which
are of an intoxicating nature, and this is especially true
when we consider that one of the witnesses spoke of hav-
ing drunk better liquor when liquor was in Missouri, and
stated further that he could still get liquor in Missouri.
It is a matter of common knowledge that liquors which are
non-intoxicating can be purchased anywhere. Therefore,
we hold that this assignment of error is not well taken.
*Kinnane* v. *State,* 106 Ark. 337, and Joyce on Intoxicating
Liquors, § 2.

The evidence for the State also shows that the liquor
was sold in the Western District of Clay County, Arkan-
sas, within the time mentioned in the indictment.

The next assignment of error is that the court erred
in permitting the officer who arrested the defendant to
testify that he found a small quantity of liquor on the
defendant when he arrested him. This assignment of
error is not well taken, for the jury might consider the
fact that he unlawfully had liquor upon his person as a
circumstance tending to show his guilt of the crime of
selling intoxicating liquors. *Casteel* v. *State,* 151 Ark.
69, and *Noyes* v. *State,* 161 Ark. 340.

The next assignment of error is that the court erred
in permitting the prosecuting attorney in his closing
argument to tell the jury that it was the duty of counsel
for the defendant to have introduced evidence to show
that the check claimed to have been given by one of the
prosecuting witnesses for the liquor claimed to have been
purchased by him from the defendant had never been
issued. The prosecuting attorney asked why the defend-
ant had not done this. His statement was objected to by
counsel for the defendant, and the court was requested
to instruct the jury to disregard it. The court overruled

his objection, and the defendant saved his exceptions to the ruling of the court. We agree with counsel for the defendant that the action of the court in this respect constituted prejudicial error calling for a reversal of the judgment. It devolves upon the State to establish the guilt of the defendant beyond a reasonable doubt, and the defendant was not required to prove any fact to establish his innocence. The action of the court amounted to an approval of the statement of the prosecuting attorney, and its effect was to instruct the jury that the burden was upon the defendant to show that no check had been given him by one of the witnesses for the State in payment of the liquor claimed to have been purchased from him by the witness. *Wells* v. *State,* 102 Ark. 627; *Parsley* v. *State,* 148 Ark. 518; and *Wood* v. *State,* 159 Ark. 671.

We have examined the instructions given and refused by the court and find no prejudicial error in its ruling on them.

For the error indicated in the opinion, the judgment must be reversed, and the cause will be remanded for a new trial.