Roger ROWLAND *v.* STATE of Arkansas

CR 77-71                              561 S.W. 2d 304

Opinion delivered February 13, 1978
(Division II)

*Douglas L. Wilson,* of *Adams & Wilson,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Terry R. Kirkpatrick,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Roger Rowland was found guilty of possession of a controlled substance with intent to deliver. The judgment of conviction must be reversed for at least two reasons.

The first reason for reversal is error of the trial court in holding that physical evidence taken from appellant when he was searched at the time of his arrest was admissible in evidence. On the record before us, this ruling cannot be upheld because of the absence of any evidence establishing the reliability of an informer. At an omnibus hearing, the prosecution stated there was an informer, who would not be called as a witness at the trial and that the privilege of nondisclosure would be claimed.

At the suppression hearing, the state depended upon the testimony of Sheriff Ralph Baker of Madison County to establish probable cause for the warrantless search. Sheriff Baker testified that he received a telephone call at about 2:00 p.m. on January 9, 1976, from a confidential informant who advised him that a 1970 model compact car, dirty green in color and having a dent in the left front door would be coming from Fayetteville through Madison County and passing Huntsville without coming through the main part of town. The informant said that the vehicle would be occupied by Roger Rowland and two high school students and that Rowland would have "speed" or amphetamine pills in his possession. Baker said he advised the Chief of Police of Huntsville of the information he had received by radio and sought that officer's assistance. Baker said that he also conveyed the information to the State Police. He started toward Springdale on Highway 68, taking Deputy Sheriff Phillip

Morgan with him. They met the vehicle between Huntsville and Hindsville. Baker advised the chief of police that he had seen the vehicle and asked him to prepare to stop it. When Baker returned to Huntsville, the chief of police had stopped the vehicle on a side street in Huntsville. Baker said that 10 to 20 minutes elapsed between the time he received the call from the informant until he was advised that the car had been stopped. When Baker arrived at the scene he found only two persons in the vehicle, one of whom was Rowland. A third person was outside the car with Officer Elmer Cook. Baker or Deputy Sheriff Phillip Morgan asked Rowland to get out of the car. Rowland was then searched by Morgan who found drugs consisting of two bags of amphetamine pills and one bag of marijuana in Rowland's boot. Rowland was arrested.

The informant was not present at any time during the pursuit, apprehension and search of Rowland. Baker was not certain as to the means by which his informer obtained his information, but, according to Baker, it was accurate even to the number of pills possessed by Rowland. When asked if his informant was a police officer, Baker reluctantly admitted that he was, but Baker was not required to answer appellant's attorney's inquiry whether that officer was an undercover agent, even though that attorney insisted that he was entitled to know where Baker got the information on which he relied for probable cause.

The circuit judge held that the search was on probable cause during exigent circumstances, that the search was substantially contemporaneous with the arrest and that it was immaterial which came first. The only flaw in this finding is that the reliability of the informer and the source of his information were not disclosed. Success of the search did not validate it, if it was unlawful in its inception. *Walton v. State*, 245 Ark. 84, 431 S.W. 2d 462. The state bore the burden of proving that the search was legal and proper. *Asher v. City of Little Rock*, 248 Ark. 96, 449 S.W. 2d 933. The validity of a warrantless search is first dependent upon existence of probable cause, unless the search and seizure is incident to a lawful arrest. *Freeman v. State*, 258 Ark. 617, 527 S.W. 2d 909. Whenever a police officer has reasonable cause to believe that contraband is being unlawfully transported in a vehicle, that vehicle may be the object of a warrantless search, but the

right to search and the validity of the search are dependent upon the reasonableness of the cause the searching officer has for believing that the contents of the automobile offend against the law. *Perez* v. *State,* 260 Ark. 438, 541 S.W. 2d 915. Reasonable cause exists when the facts and circumstances within the officer's knowledge, or of which he has trustworthy information are sufficient to warrant one of reasonable caution to believe that an offense is being committed. *Perez* v. *State,* supra. Probable cause is evaluated by the courts on collective information of the police, and not merely on the personal knowledge of the officer making the decision. *Perez* v. *State,* supra.

In cases involving issuance of search warrants, it has been settled that a valid warrant may issue upon hearsay information, so long as it is shown that there is a substantial basis for crediting the hearsay. *Flaherty* v. *State,* 255 Ark. 187, 500 S.W. 2d 87, cert. den. 415 U.S. 995, 94 S. Ct. 1599, 39 L. Ed. 2d 893. This requires more than the statement of a mere conclusion of the informant, however reliable he may be. *Lunsford* v. *State,* 262 Ark. 1, 552 S.W. 2d 646. A reviewing court should require no less in evaluating probable cause for a warrantless search, for it must make a substantive determination of reasonableness from all the facts and circumstances surrounding the search which are before the court. *Ward* v. *State,* 243 Ark. 472, 420 S.W. 2d 540; *Jackson* v. *State,* 241 Ark. 850, 410 S.W. 2d 766. The court may properly conclude that a police officer who conveys information is reliable. Even though some credence and weight should be given to the expertise of an experienced law enforcement officer in making probable cause evaluations, it is still necessary that the reviewing court be given the benefit of the information and circumstances on which the officer determined probable cause for a search made by him. See *Wright* v. *State,* 258 Ark. 651, 528 S.W. 2d 905. This does not necessarily require disclosure of the identity of the informant, but it does require the disclosure of enough information to show that the informant was worthy of belief and enough of the information he disclosed to establish probable cause for the search, either when considered alone or along with all other facts and circumstances known to the police. See *Glover* v. *State,* 248 Ark. 1260, 455 S.W. 2d 670; *Walton* v. *State,* 245 Ark. 84, 431 S.W. 2d 462; *Cockrell* v. *State,* 256 Ark. 19, 505 S.W. 2d 204.

In a judicial determination of probable cause, the source of the information and the means of its acquisition must be shown, in order that the judicial office making the determination can judge the reliability of that information and the propriety of an arrest or search based upon it. Since there was no such evidence before the court, the state failed to meet its burden to justify the warrantless arrest and search. See *Rodriquez* v. *State,* 262 Ark. 659, 559 S.W. 2d 925.

The state relies upon affidavits by the prosecuting attorney and Sheriff Baker which were filed after the suppression hearing to enable the trial court to determine whether the identity of the informer should have been disclosed under Rule 509, Arkansas Uniform Rules of Evidence. But these ex parte affidavits were furnished to the circuit judge in camera and their content was disclosed to appellant and his counsel only by accident, after this appeal was taken. Appellant has had no opportunity to cross-examine the affiants about the content of these affidavits or to refute them by other evidence. The prosecuting attorney's affidavit is hearsay upon hearsay. It is couched in language that might indicate that the statements were within the personal knowledge of the affiant, but they obviously were not. It is not totally consistent with Baker's testimony as to the telephone conversation. In the affidavit, the prosecuting attorney identified the officer who called Baker as J. D. Snow and relates that Snow acquired his knowledge from one Jerry Watkins, that Watkins was a paid informer and that many arrests and convictions had been obtained in Washington County on information supplied by him. The reliability of the informer cannot be established by this kind of hearsay.

The fatal defect in the evidence before the trial court was the failure of the state to show the basis of the informer's knowledge and, in the case of the real informer, his reliability. No doubt the officer who called Sheriff Baker was reliable, at least presumably, but he was not really a confidential informer, and his identity not having been disclosed, there was no basis for finding him reliable. It was upon his knowledge and information, not that of the searching officers, that the search was made, but the real source and reliability of information of the police officers were not disclosed at the suppression hearing. It appears to have been unknown to the searching officers.

The state argues that the arrest is valid, because Sheriff Baker was instructed to make this arrest by the Washington County officer, who possessed knowledge sufficient to constitute reasonable cause. But the evidence did not suggest that Baker was instructed to make an arrest. It is difficult to see how an arrest could be ordered for an anticipated offense in Madison County before the accused had even reached that county. Still, at the time the suppression motion was granted, there was no showing of the Washington County officer's knowledge sufficient to constitute probable cause for the arrest.

The state also seeks to justify the search as one contemporaneous with a lawful arrest. It appears from the record that the search of appellant's person preceded the search of the vehicle. The showing of probable cause for the arrest was insufficient for the same reason that it was not sufficient to show reasonableness of the warrantless search. It should be noted that all the incriminating evidence was discovered in a search of appellant's person and none, in a search of the vehicle itself. The searching officers testified that two bags of pills and one bag of marijuana were found in appellant's left boot and that nothing else was found in the vehicle. It is well established that vehicle searches are often justified when searches of the person are not, because of the difference in the right to expectation of privacy. *Chadwick v. United States,* 433 U.S. 1, 97 S. Ct. 2476, 53 L. Ed. 2d 538.

The evidence of probable cause for the warrantless arrest is insufficient for the same reasons that we found it deficient on the question of reasonableness of the warrantless search.

Appellant requested an instruction advising the jury that it could not infer that he intended to deliver a controlled substance (amphetamines) solely upon the basis of the quantity in his possession, but that they might consider the quantity as some evidence of such intent. The instruction was refused on the ground that it was a comment on the evidence. The failure to give the instruction at appellant's request was error. The evidence, viewed in the light most favorable to the state, showed that appellant possessed less than the minimum amount that would support such an inference under Ark. Stat. Ann. § 82-2617 (d) (Repl. 1976). The state seeks to sus-

tain the court's action on the basis of our decision in *French v. State*, 256 Ark. 298, 506 S.W. 2d 820, but we do not agree that *French* has this effect. There we applied the rule that a court may not inform a jury that a specific fact shown by the evidence is sufficient to support a certain inference. We are not aware of any prohibition against a court telling a jury that proof of a certain fact, standing alone, will not support an inference that another fact exists.

The question whether Rowland possessed the drugs with intent to sell or deliver was a question for the jury to determine upon consideration of all the facts and circumstances, and appellant's intent could be shown by circumstantial evidence. The jury had a right to consider the quantity possessed (even though it might be small) and the nature of the possession along with any other pertinent fact in determining appellant's intention. See *Freeman v. State*, 214 Ark. 359, 216 S.W. 2d 864; *Griffin v. State*, 169 Ark. 342, 275 S.W. 665; *Ridenour v. State*, 184 Ark. 475, 43 S.W. 2d 60. Thus, the instruction was a correct declaration of the law. In telling the jury that it could not find appellant guilty of the charge merely on the quantity in his possession it closely parallels an instruction in *Freeman* about which we said the defendant had no right to complain, where the charge was possession of intoxicating liquors for the purpose of sale in dry territory. See also, *Castell v. State*, 151 Ark. 69, 235 S.W. 386. We have also held that an instruction, in a prosecution for selling liquor, was not prejudicial to the defendant, when the jury was told that they could not consider testimony concerning sales made by the wife and son of the accused at his home for any purpose, unless they were made with the knowledge and consent of the accused, and then only insofar as it shed light on the kind and character of business in which he was engaged. *Melton v. State*, 165 Ark. 448, 264 S.W. 965.

We have considered a similar matter in cases involving the inference arising from possession of stolen property. We have held that an instruction telling the jury that a certain fact, such as the possession of recently stolen goods, goes to it for its consideration in connection with the other evidence as tending to show the guilt of the accused, does not improperly single out particular evidence or constitute a comment on the evidence. *Johnson v. State*, 254 Ark. 293, 493 S.W. 2d 115; *Petty v. State*, 245 Ark. 808, 434 S.W. 2d 602.

Appellant also complains of error in the court's refusal to require disclosure of the identity of Sheriff Baker's informant and to grant relief because of the failure of the state to fully comply with discovery requirements in respect to reports of scientific tests on the substance found in his possession. These questions are now moot. Through the first trial and the subsequent accidental disclosure, appellant is now as fully informed as he would have been had his requests been granted.

Appellant argues that, in any event, the evidence was not sufficient to support his conviction, because there was no evidence to show his intent to sell amphetamines other than the quantity he possessed, which was less than the amount required to give rise to a justifiable inference of intent to sell, and testimony of two witnesses that they had purchased marijuana from him. We have previously held that evidence of previous sales of one controlled substance is evidence to show intent of the seller to sell another such substance later found in his possession. *Cary v. State,* 259 Ark. 510, 534 S.W. 2d 230.

Appellant also complains that the evidence of the sales of marijuana was not properly admitted because the times when they took place were not shown. Appellant's abstract of his objections to the testimony indicated that his attorney merely objected on the "grounds of relevance," or that the testimony was completely irrelevant. Although the question of remoteness is one of relevance, this objection was not sufficiently specific to call to the court's attention the objection now urged. Previous sales were relevant to the question of appellant's intent, as the trial judge advised the jury. Whether they were too remote in time is a matter addressed to the sound judicial discretion of the trial judge, which will be interfered with by this court only when it is clear that the questioned evidence has no connection with any issue in the case. *Cary v. State,* supra. No doubt the question of the times when previous sales took place will be more fully developed on retrial.

Undoubtedly, some of the statements made in closing argument by the prosecuting attorney were improper. Particularly is this true of his "out-of-the-record" statement that a well-known man in the county died from the use of "just ex-

actly this stuff" and his references to the fact that amphetamine was more addictive than heroin. See *Long v. State*, 260 Ark. 417, 542 S.W. 2d 742. We are confident that such remarks will not be repeated on a new trial.

The judgment is reversed and the cause remanded for a new trial.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.