Robert LINCOLN *v.* STATE of Arkansas

CR 84-142                                    685 S.W.2d 166

Supreme Court of Arkansas
Opinion delivered March 4, 1985
[Rehearing denied April 15, 1985.*]

*Joel W. Price*, for appellant.

*Purtle, J., would grant rehearing.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. Upon the jury's verdicts of guilty the appellant was sentenced to (1) a $5,000 fine and five years' imprisonment with three years suspended, for possession of cocaine with intent to deliver, and (2) four years' imprisonment with two years suspended, for possession of marihuana with intent to deliver, the sentences to be concurrent. The Court of Appeals certified the case to us as presenting a significant and important issue concerning the effect upon our law of recent Supreme Court decisions modifying the exclusionary rule in search-and-seizure cases. *United States* v. *Leon,* ___ U.S. ___ , 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984); *Massachusetts* v. *Sheppard,* ___ U.S. ___ , 104 . S. Ct. 3424, 82 L. Ed. 2d 737 (1984). By now we have expressed our intention of following the modified rule, a position to which we shall adhere. *McFarland and Soest* v. *State,* 284 Ark. 533, 684 S.W.2d 233 (1985). There is no merit in the appellant's six arguments for reversal.

First, the search-and-seizure issue. On the evening of February 15, 1983, police officers obtained a warrant to search Lincoln's Fort Smith apartment for cocaine. The search was conducted immediately and yielded the drugs upon which the present charges were filed. Counsel for the appellant, in challenging the sufficiency of the affidavit for the search warrant, relies upon the law that was applicable before the *Leon* and *Sheppard* cases, although they were decided three months before the appellant's brief was filed. The earlier law is no longer applicable. There is no vested right in a rule of evidence. *Reid* v. *Hart,* 45 Ark. 41 (1885). Indeed, the Supreme Court applied its new rule retroactively in *Leon,* reversing a federal Court of Appeals decision which had invalidated a search-warrant affidavit in reliance on the pre-existing law.

The appellant's only argument falling within the possible purview of *Leon* is the contention that statements in the affidavit were false. In *Leon,* the court said that deference to the magistrate's finding of probable cause does not preclude inquiry into the knowing or reckless falsity of

the supporting affidavit. Here the affidavit stated that recently an informant had obtained a sample of cocaine that was purchased from Lincoln. The affiant admitted at the suppression hearing that he should have said that the informant obtained the sample from somebody else who reported to the informant that it had come from Lincoln. There is no reason to think the circuit judge who issued the warrant would have acted differently had the affidavit been exact. To the contrary, the really vital statement in the affidavit was that another informant who had been in Lincoln's residence that very evening said she had purchased cocaine from Lincoln at that time and that Lincoln had stated he had more cocaine available, but it was selling fast. Evidently the judge relied on that statement, for the warrant contains a finding that the objects to be seized were in danger of imminent removal, and the search was carried out at once. We attach no importance to the fact that the affidavit said that the informant had knowledge of "the penal implications" of her statement, for even though she was released without being charged, her release was conditioned on her promise to cooperate in the prosecution of Lincoln. We hold that under *Leon* the affidavit was sufficient to support the issuance of the search warrant.

Second, the court allowed the State to prove, for the purpose of showing Lincoln's possession of the drugs with intent to deliver, that various witnesses had bought drugs from Lincoln in the past. One witness, for example, testified that for about a year he had bought drugs from Lincoln once or twice a month. The court cautioned the jury that proof of prior sales was admitted only to be considered with regard to the intent with which Lincoln had possessed the drugs on the evening in question. Such prior sales are admissible if not too remote in time, which is not the case here. *Rowland v. State,* 262 Ark. 783, 792, 561 S.W.2d 304 (1978); *Cary v. State,* 259 Ark. 510, 514, 534 S.W.2d 230 (1976). Our holding in *Moser* v. *State,* 266 Ark. 200, 583 S.W.2d 15 (1979), is not in point, for there the prosecutor charged possession with intent to deliver, instead of the actual sale that was proved, as a subterfuge to get before the jury prior sales, as bearing on intent.

Third, the court did not improperly limit the appellant's cross examination of five codefendants who were also present when the police searched Lincoln's apartment and arrested all six persons. The court simply confined cross examination to the drugs in question. We find no abuse of its discretionary authority to confine cross examination to matters relevant to the charges on trial.

The remaining arguments do not need extended discussion. A requested instruction about the weight to be given to proof of prior sales was properly refused, for it was heavily slanted in favor of the defense, even to the point of being a comment on the weight of the evidence. See per curiam order, AMI Criminal, viii (1982). The court's refusal to grant Lincoln a separate trial is not shown to have been error for either of the reasons argued: that a codefendant's statement that a certain substance was "cutter" instead of cocaine was admitted in evidence or that there was proof of a single sale by another resident of the apartment, in addition to the many sales by Lincoln that were shown. Neither ruling can be said to have been substantially prejudicial to the defendant, for there was abundant proof of drug activity in the apartment. Finally, we do not perceive that the proffered proof that two codefendants had pleaded guilty to possession of a different drug, LSD, was relevant to the charges on trial.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent from the majority opinion on principle as well as law. I am saddened because I see this opinion as a repudiation of more than 100 years of precedent and the destruction of parts of the Arkansas and United States Constitutions. Additionally the opinion repeals a portion of our rules of criminal procedure and possibly some statutory law as well. I have never felt that this court is bound by the opinions of the United States Supreme Court in matters where our Constitution and laws are more protective of individual rights than are those of the United States. I have been under the impression that the

other members of this court did not always feel bound by decisions of the federal courts. *Rector* v. *State,* 280 Ark. 385, 659 S.W.2d 168 (1983).

The affidavit for the search warrant in this case was obtained upon the application of an officer who stated that his information was obtained from a reliable informant who had recently purchased cocaine from the appellant. At the suppression hearing testimony revealed that the so-called reliable informant had not purchased from the appellant at all but had been told by some third party that he had purchased from the appellant. The officer applying for the warrant knew that the informant had not made the purchase. I believe the affidavit was false in that respect. There was absolutely no reason for the affiant to rely on information from an unknown and unproven informant. It may well have been a complete fabrication. Neither the officers nor the court had any known reason to rely on this hearsay upon hearsay information. This is a step toward the return of Star Chamber proceedings which I had previously thought to have been renounced by this nation. Perhaps I am in error. The majority clearly holds that the judge evidently relied upon the unidentified third party. I am saddened by this departure by the majority of this court. It is my opinion that had the issuing judge been told the truth he would have refused to issue the warrant. The majority seems to me to go far beyond the *Leon* holding.

Another glaring falsity in the statement was that the informant (who was not the informant at all) disclosed the information with knowledge of "the penal implications" of her statement. There was no culpatory or penal information at all because the informant had been granted immunity (she was never even charged for her drug violations) and what she said implicated other people, not herself. When it is considered that this affidavit was prepared by the prosecuting attorney's staff with cooperation of supervising police officers, I conclude that it was not even in "good faith." No doubt it was a good faith effort to search appellant's house as are all such efforts of law enforcement officials. Even if some activities were not in good faith, it is unlikely that officers would admit it. The "general search"

which the Fourth Amendment sought to destroy seems to me to have now been reinstated. Henceforth officers will no doubt rely in "good faith" upon the most rank hearsay, suspicion or even complete lies and expect the approval of this court.

I cannot end this dissent without referring to A.R.Cr.P. Rule 13.1(b) which states in part: "If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained." This rule was clearly violated. For these reasons and many more, I would reverse and remand.