Anthony L. HURVEY *v.* STATE of Arkansas

CR 88-173                                                766 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered March 20, 1989
[Rehearing denied April 17, 1989]

*Darrell F. Brown & Associates, P.A,* for appellant.

*Steve Clark,* Att'y Gen., by: *Ann Purvis,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Anthony Lavell Hurvey has appealed from a judgment of conviction on three counts of delivery of cocaine and one count of possession of cocaine with intent to deliver. Hurvey received ten year sentences for each conviction, the sentences to run consecutively. Two points for reversal are argued, neither of which has merit.

I

Appellant contends the verdict of guilty on each count of delivery of cocaine is not supported by substantial evidence. Several police officers testified to buying cocaine from an individual known to them only as "Malt Stand," but later identified as the appellant. The transactions occurred at different times and places and the officers' estimate of the height of the individual ranged from 5'3" to 5'9". As the appellant denied ever selling cocaine, credibility of the witnesses is the heart of the issue.

To determine the sufficiency of the evidence we need to consider only that evidence which supports the verdict. *Gardner* v. *State,* 296 Ark. 41, 754 S.W.2d 518 (1988). Working through an informant, the police met appellant at a K-Mart parking lot in North Little Rock where they purchased a packet of cocaine for

$165. Two officers, Baker and Sipes, identified appellant as the person who sold them the cocaine. A few days later Officers Sipes and Schlalchlin met appellant at a Kroger parking lot and again purchased cocaine for $165. A final purchase of cocaine for $165 was made on June 11 behind the sea wall.

█ Appellant maintains that because of inconsistencies in the officers' testimony, the jury's verdict was not based on substantial evidence. Some of the discrepancies were explained, some were not. None was of sufficient scope to defeat the verdict. In *Parker* v. *State*, 290 Ark. 94, 717 S.W.2d 197 (1986), we held that minor discrepancies were for the jury to consider in weighing the verity of the testimony. In *Barnes* v. *State*, 258 Ark. 565, 528 S.W.2d 370 (1975), we said:

> Where the testimony is conflicting, this court does not pass upon the credibility of any witness after the jury has given it full credence, at least where, as here, it cannot be said with assurance that it was inherently improbable, physically impossible or so clearly unbelievable that reasonable minds could not differ thereon.

## II

Appellant argues the jury's verdict of guilty of possession with intent to deliver is not supported by substantial evidence. Officer Sipes testified that while appellant was being admitted to jail following his arrest he was asked to remove a cap he was wearing. A small packet of cocaine fell out and, on inspecting the cap, five other packets of cocaine were found inside the band.

█ Since the amount of cocaine did not equal one gram, the presumption of an intent to deliver pursuant to Ark. Code Ann. § 5-64-401(d) (1987), does not arise. Even so, intent to deliver may be proved by circumstantial evidence. *Rowland* v. *State*, 262 Ark. 783, 561 S.W.2d 304 (1978). Intent to commit a crime is not ordinarily susceptible of direct proof and may, therefore, be inferred from the circumstances. Circumstantial evidence is sufficient to constitute substantial evidence. *Altes* v. *State*, 286 Ark. 94, 689 S.W.2d 541 (1985). Those circumstances include the packaging of the cocaine in small individual packets and the fact that appellant was shown to have sold cocaine on prior occasions. *Lincoln* v. *State*, 285 Ark. 107, 685 S.W.2d 166

(1985).

The judgment is affirmed.