Darren Jerome CRAWFORD *v.* STATE of Arkansas

CR 91-224                                                   822 S.W.2d 386

Supreme Court of Arkansas
Opinion delivered February 3, 1992

*Durnett and Coleman* by: *Chad L. Durnett, Jr.,* for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y

Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals his conviction of possession of cocaine with intent to sell or deliver. He was sentenced as a habitual offender and received fifty years imprisonment to run consecutively to a six-year sentence in another case.

Appellant's sole argument is whether the trial court erred in allowing an investigator, James Sudberry, to testify that, on December 8, 1988, the police had made a cocaine purchase from appellant at 528 South 15th Street in West Memphis through the use of a confidential informant. On December 9, 1988, the police used this December 8 drug transaction to obtain a search warrant for the premises at 528 South 15th Street. Upon executing the warrant, the police found cocaine and $605.00 on the appellant's person. They also discovered other money and cocaine on the table located in the kitchen where appellant and a Brian O'Gwin were standing. At trial, O'Gwin testified that the crack cocaine, gun and pager found during the search were his and that he was on the way to sell the cocaine to another person at another address.

Appellant argued below, and now on appeal, that Sudberry's testimony concerning the December 8 drug sale had no relevancy except to show the appellant had sold cocaine before and therefore he must be guilty of the crime with which he was charged that resulted from the December 9th drug raid. The state, on the other hand, argues Sudberry's testimony was admissible under Ark. R. Evid. Rule 404(b) to show the appellant intended to deliver the cocaine he possessed on December 9, 1988. The state is correct.

The issue raised here was decided by this court in *Lincoln* v. *State*, 285 Ark. 107, 685 S.W.2d 166 (1985). *See also Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987). In *Lincoln*, the defendant was charged with the possession of marijuana with the intent to deliver. The trial court allowed various state witnesses to testify they had bought drugs from Lincoln in the past. However, it cautioned the jury that proof of prior sales was admitted only to be considered with regard to the intent with which Lincoln had possessed drugs on the evening in question and for which he was charged. We upheld the trial court,

holding such prior sales are admissible if not too remote in time. *Lincoln*, 285 Ark. at 109, 685 S.W.2d at 168. In the present case, the prior sale was not remote since it occurred only the day before the drug charge transaction with which appellant was charged.

Appellant cites the case of *Moser* v. *State*, 266 Ark. 200, 583 S.W.2d 15 (1979), in support of his argument that the December 8th drug transaction was unnecessary to show intent. Appellant claims that the law presumes intent to deliver when he was found with the amount he possessed at the time of the December 9th search. The facts in *Moser* are clearly distinguishable from the ones here. There, Moser was charged with and convicted of possession of marijuana with the intent to deliver. On appeal, he successfully challenged testimony concerning prior drug sales that took place eighteen months prior to the drug offense for which he was being tried. This court held such testimony was inadmissible because the state had already proved actual delivery of the marijuana charge by testimony showing Moser had sold sixteen bags of the marijuana to a man named Parnell.

Here, no actual delivery was shown to have occurred on December 9th. While appellant argues delivery was presumed because of the amount of cocaine involved, O'Gwin testified in appellant's behalf, claiming that the cocaine found during the search belonged to him, not the appellant. Clearly, under these circumstances, appellant's intent was in issue. In fact, his main defense was that the cocaine found by the police was O'Gwin's and O'Gwin had planned to sell it later to some third party at another address. On this point, we add, as well, that the jury was never instructed that the proof of possession of a set amount of cocaine by appellant would be presumptive of his intent to deliver. Instead, the trial court told the jury that the amount or quantity of cocaine possessed by the appellant was evidence it could consider along with the other facts and circumstances of the case in determining the purpose or intent for which the cocaine was possessed.

For the foregoing reasons, we cannot say the trial judge abused his discretion in allowing Sudberry's testimony. *See Beebe* v. *State*, 301 Ark. 430, 784 S.W.2d 765 (1990). Therefore, we affirm.