Damion YOUNG *v.* STATE of Arkansas

CA CR 01-1293                                      72 S.W.3d 895

Court of Appeals of Arkansas
Division IV
Opinion delivered May 1, 2002

*James P. Clouette*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. After a bench trial, Damion Young was found guilty of possession of a controlled substance (cocaine) with intent to deliver and simultaneous possession of drugs and firearms. He was sentenced to concurrent terms of ten years in prison. Appellant contends on appeal that the evidence is not sufficient to sustain either conviction. We disagree and affirm.

■ ■ When the sufficiency of the evidence is challenged, we consider only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *Harris v. State*, 72 Ark. App. 227, 35 S.W.3d 819 (2000). The test is whether there is substantial evidence to support the verdict. *Miller v. State*, 68 Ark. App. 332, 6 S.W.3d 812 (1999). Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond speculation or conjecture. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002). It is the responsibility of the trier of fact to determine the credibility of the witnesses. *Kelley v. State*, 75 Ark. App. 144, 55 S.W.3d 309 (2001).

Under Ark. Code Ann. § 5-64-401(a) (Supp. 2001), it is unlawful for any person to possess a controlled substance with intent to deliver. A person commits the offense of simultaneous possession if he commits a felony violation of § 5-64-401 while in possession of a firearm. Ark. Code Ann. § 5-74-106(a)(1) (Repl. 1997).

At trial, it was shown that officers of the Little Rock Police Department executed a warrant for the search of the home of appellant's father. Appellant, his father, his brother, and two other individuals were at the residence when the officers arrived. When the officers entered, those present in the front room, including appellant, ran to the back of the house. Appellant and his brother were apprehended in the bathroom. The officers found a plastic baggie in the toilet containing off-white rocks later determined to be crack cocaine. Several small, off-white rocks were also found on the floor next to the toilet. Two plastic bags containing crack cocaine were removed from appellant's pocket. The cocaine

found in appellant's pocket weighed 13.5 grams. It was estimated that this quantity had a street value of $1,300.

The front room of the house was furnished with two sofas separated by a coffee table. On the coffee table, officers found a bag of marijuana, three individually wrapped bags of crack cocaine, and a plate on which sat several more off-white rocks. Three rocks were found on a sofa, and one rock was found underneath the cushion. A total of three handguns were also found in the front room.

A set of scales and two large glass tubes were found in a kitchen cabinet. Crumbs of crack cocaine were found on top of the refrigerator, and a pipe was found on the kitchen floor.

Officer Ray Moreno was the first to enter the home. He testified that a loaded Mach 10 nine-millimeter, semi-automatic handgun was found on one of the sofas. He said that appellant had been the only person seated on that couch and that the weapon had been near the area of appellant's left leg.

Appellant first contends that the evidence is not sufficient to show that he possessed the nine-millimeter handgun. We disagree.

To sustain a conviction for possession, neither exclusive nor actual physical possession is necessary. *Bridges v. State*, 46 Ark. App. 198, 878 S.W.2d 781 (1994). Constructive possession, which is control or right to control, is sufficient. *Franklin v. State*, 60 Ark. App. 198, 962 S.W.2d 370 (1998). Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Darrough v. State*, 322 Ark. 251, 908 S.W.2d 325 (1995).

Where there is joint occupancy of the premises where the contraband is seized, some additional factor must be found to link the accused to the contraband. *Embry v. State*, 302 Ark. 608, 792 S.W.2d 318 (1990). In such instances, the State must prove that the accused exercised care, control, and management over the contraband and also that the accused knew that the object possessed was contraband. *Mayo v. State*, 70 Ark. App. 453, 20

S.W.3d 419 (2000). This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Nichols v. State,* 306 Ark. 417, 815 S.W.2d 382 (1991).

In *Mayo v. State, supra,* marijuana was found on a coffee table near a couch where the appellant had been sitting. The appellant had no connection with the house, and there was another individual in the room with the appellant when the police entered the house. We reversed, holding that there was no substantial evidence to support the conclusion that the appellant "exercised care, control, and management over the contraband." Likewise, in *Mosley v. State,* 40 Ark. App. 154, 844 S.W.2d 378 (1992), the appellant was one of seven people in a room where drugs were found. The appellant was sitting on a couch along with two other persons. A cigarette package containing rocks of crack cocaine and some twenty-eight loose rocks were found under a cushion of the couch where the appellant had been sitting. A bag containing thirty-three rocks of crack cocaine was stuffed between a chair and the wall. There was no evidence that appellant lived in the apartment, and no drugs were found on the appellant's person. We concluded that the evidence was not sufficient to sustain the appellant's conviction of possession because the contraband found under the cushion was not in an area exclusively under appellant's control and because the contraband located behind the chair was not in plain view.

The facts in the case at bar are materially different from those in either *Mayo* or *Mosley.* Here, there was testimony that the gun was found, in plain view, on a couch. It was said that appellant was the only person who had been sitting on that couch and that the gun was located near appellant's left leg. Moreover, it is also relevant that appellant was in possession of 13.5 grams of cocaine. It has been recognized that a logical connection exists between the possession of drugs and firearms. *See Jackson v. State,* 52 Ark. App. 7, 914 S.W.2d 317 (1996). On this record, we conclude that there is substantial evidence to support the guilty verdict.

Appellant also contends that there is insufficient evidence to support the conviction for possession with intent to deliver. He bases this argument on his testimony that he possessed the cocaine for his own personal use. Arkansas Code Annotated section 5-64-401(d) (Supp. 2001) creates a rebuttable presumption that the possession of more than one gram of cocaine demonstrates an intent to deliver. The appellant was in possession of 13.5 grams of cocaine. Although appellant testified that the cocaine was for his own personal use, the trier of fact was not obligated to believe him. *Blockman v. State*, 69 Ark. App. 192, 11 S.W.3d 562 (2000). In addition, evidence of appellant's possession of a firearm is relevant to prove intent to deliver. *Stanton v. State*, 344 Ark. 589, 42 S.W.3d 474 (2001). We cannot say that there is no substantial evidence to support this conviction.

ROBBINS and CRABTREE, JJ., agree.