Miles THOMASON *v.* STATE of Arkansas

CA CR 04-667                                              208 S.W.3d 830

Court of Appeals of Arkansas
Opinion delivered May 25, 2005

Bill Luppen, for appellant.

Mike Beebe, Att'y Gen., by: David J. Davies, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. At a bench trial, the Pulaski County Circuit Court convicted the appellant, Miles Thomason, of possession of a controlled substance with intent to deliver and of the simultaneous possession of drugs and a firearm. Appellant was sentenced to a total of ten years in the Arkansas Department of Correction. On appeal, appellant argues that his convictions are not supported by sufficient evidence. We affirm in part and reverse and dismiss in part.

■ ■ Appellant made timely directed-verdict motions below; however, the circuit judge denied them. Motions for directed verdict are challenges to the sufficiency of the evidence. Tester v. State, 342 Ark. 549, 30 S.W.3d 99 (2000). In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. Garner v. State, 35 Ark. 82, 131 S.W.3d 734 (2003). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. Haynes v. State, 346 Ark. 388, 58 S.W.3d 336 (2001). This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. Stone v. State, 348 Ark. 661, 74 S.W.3d 591 (2002).

■ ■ For appellant's first point on appeal, he challenges the sufficiency of the evidence supporting his conviction for possession of a controlled substance with intent to deliver marijuana. It is unlawful for anyone to possess marijuana with intent to deliver. See Ark. Code Ann. § 5-64-401(a) (Supp. 2003). Intent, however, can seldom be proved by direct evidence and must be inferred from facts and circumstances. Johnson v. State, 6 Ark. App. 78, 638 S.W.2d 686 (1982). The fact that evidence is circumstan-

tial does not render it insubstantial. *Conley v. State*, 308 Ark. 72, 821 S.W.2d 783 (1992). As such, a jury may consider possession, along with any other pertinent fact, in determining whether an appellant possessed the specific intent to sell or deliver a controlled substance. *Rowland v. State*, 262 Ark. 783, 561 S.W.2d 304 (1978).

Officer Andy Moore, a thirteen-year veteran of the Little Rock Police Department with nine years of specialized drug training with the DEA, testified at trial that he responded to appellant's home on May 6, 2003. Several citizens previously reported appellant outside his home firing a gun into the air. Upon appellant's consent, Officer Andy Moore searched the premises. During the course of his search, Moore discovered ten plastic bags of marijuana, totaling 26.2 grams, in the room that appellant indicated was his bedroom. Each individual baggy found in appellant's bedroom weighed approximately 2.6 to 2.7 grams, which according to the officer, is the common weight of a "nickel" bag for purposes of resale.

Additionally, Officer Moore's search uncovered an un-loaded Mac-90 (semi-automatic rifle) under the sofa in appellant's living room and an unloaded twelve-gauge shotgun under the mattress of the unoccupied middle bedroom. Another officer found a .30 caliber rifle and a Ruger 22 in a storage shed in the backyard of appellant's property. Further, twenty-nine rounds of ammunition were found in the storage shed of the same caliber as the Mac-90 firearm.

We hold that the foregoing evidence is sufficient to support appellant's conviction for possession of marijuana with intent to deliver. The officers found ten individual "nickel" bags of marijuana in appellant's bedroom whose total weight amounted to slightly less than the presumptive weight (one ounce) for possession with intent to deliver. In some instances, where narcotics are packaged for individual sale, a conviction for possession with the intent to deliver may be sustained even when the weight of the contraband is less than the presumptive amount. *See Hurvey v. State*, 298 Ark. 289, 766 S.W.2d 926 (1989); *Blockman v. State*, 69 Ark. App. 192, 11 S.W.3d 562 (2000). In *Hurvey, supra*, the supreme court upheld Hurvey's conviction for possession of cocaine with intent to deliver based upon evidence that Hurvey carried only five individual packages of cocaine.

In the case at bar, appellant had twice as many packages as Hurvey, and appellant was in possession of four

firearms. It has been recognized that a logical connection exists between the possession of drugs and firearms. *Young v. State*, 77 Ark. App. 245, 72 S.W.3d 245 (2002); *see Jackson v. State*, 52 Ark. App. 7, 914 S.W.2d 317 (1996). Furthermore, evidence of appellant's possession of a firearm is relevant to prove intent to deliver. *Stanton v. State*, 344 Ark. 589, 42 S.W.3d 474 (2001); *Young, supra. See Wright v. State*, 327 Ark. 558, 940 S.W.2d 432 (1997); *Hendricks v. State*, 316 Ark. 182, 871 S.W.2d 362 (1994). As such, we believe that sufficient evidence supports appellant's conviction for possession of marijuana with intent to deliver.

■■ For appellant's second point on appeal, he maintains that sufficient evidence does not support his conviction for the simultaneous possession of drugs and firearms pursuant to Arkansas Code Annotated section 5-74-106 (Repl. 2002). In order to sustain a conviction for simultaneous possession of drugs and firearms, the State must show possession of a firearm by the accused and a nexus between the firearms and the drugs. *See Cherry v. State*, 80 Ark. App. 222, 95 S.W.3d 5 (2003). It is a defense to a prosecution for simultaneous possession if the defendant was in his home and the firearm was not readily accessible for use. *See Rabb v. State*, 72 Ark. App. 396, 39 S.W.3d 11 (2001). We have defined "readily accessible for use" to mean "for use" as a firearm and have held that "an unloaded weapon with no ammunition is not useable as a firearm." *Id.* at 403, 39 S.W.3d at 16. In this instance, appellant was found in his home, and none of the firearms on his property were loaded. Only ammunition for the Mac-90 was discovered on appellant's property; it was in a storage shed in his backyard. Therefore, we cannot say that appellant was in possession of a firearm that was readily accessible for use. Consequently, we must reverse and dismiss appellant's conviction for simultaneous possession of drugs and firearms.

Affirmed in part; reversed and dismissed in part.

PITTMAN, C.J., GLADWIN & VAUGHT, JJ., agree.

BIRD and BAKER, JJ., concurring in part; dissenting in part.

SAM BIRD, Judge, concurring and dissenting. I respectfully disagree with the majority's decision to affirm Thomason's conviction for possession of marijuana with intent to deliver because I do not agree that the evidence in this case was sufficient to support the conviction. Furthermore, while I agree that Thomason's convic-

tion for simultaneous possession of drugs and a firearm should be reversed and dismissed, I would reach that conclusion for reasons different from those expressed by the majority.

*Possession of Marijuana With Intent to Deliver*

The majority has upheld Thomason's conviction for possession of marijuana with intent to deliver based solely upon circumstantial evidence, *i.e.*, the discovery of ten individual packets of marijuana in Thomason's bedroom, each weighing approximately 2.6 to 2.7 grams, for a total of 26.2 grams (slightly less than an ounce),[1] and the discovery of four unloaded firearms in or near Thomason's home. In so holding, the majority points to the testimony of Officer Andy Moore that each packet of marijuana was the common weight of a "nickel" bag of marijuana for purposes of resale, and concludes from this evidence of the form of the packaging, when coupled with the presence of firearms, that there is sufficient proof that Thomason possessed the marijuana with the intent to deliver it.

Circumstantial evidence may constitute substantial evidence to support a defendant's conviction, but only if it excludes every reasonable hypothesis consistent with innocence. *Simmons v. State*, 89 Ark. App. 34, 199 S.W.3d 711 (2004). In my opinion, the evidence here is insufficient to support the conviction because it suggests another reasonable explanation for the quantity in which Thomason's marijuana was packaged — that he *purchased* the marijuana in that quantity for his own use. If, as Officer Andy Moore's testimony revealed, marijuana is commonly packaged for sale in "nickel" bags, it is axiomatic that it must also commonly be purchased in that form. The majority opinion also ignores the evidence revealed by the testimony of Officer Tina Moore, the evidence custodian for the Little Rock Police Department who took custody of the marijuana from Andy Moore. When asked by the prosecuting attorney how she had seen marijuana packaged when purchased by buyers seeking it for their personal use, Tina Moore answered:

> It depends on how much you want to buy. You can [buy] [a] five dollar amount, you can buy [a] ten dollar amount, you can buy any

---

[1] Possession of an ounce or more of marijuana gives rise to a rebuttable presumption of possession with intent to deliver. Arkansas Code Annotated section 5-64-401(d) (Supp. 2003).

> amount. Whatever dollar amount you have, you can purchase. It is common for people that are selling marijuana to package it out individually.

In other words, if a prospective purchaser of marijuana wishes to purchase $50 worth of marijuana in ten separate "nickel" bags, it is available.

The State presented absolutely no evidence to suggest that Thomason's intent, in possessing less than an ounce of marijuana, was to deliver it. Police were alerted to Thomason's house because of complaints of neighbors that he was discharging a firearm in the air in a residential neighborhood. As a result of a consensual search, police discovered the ten packets of marijuana on the nightstand in Thomason's bedroom. The search did not result in the discovery of any money, scales or other equipment commonly associated with the sale of drugs, baggies or other packaging supplies, marijuana plants, seeds, or other residue, or other drugs or drug paraphernalia. Furthermore, there was no evidence of an unusual number of visitors at appellant's residence, nor was there evidence of any prior drug dealings by appellant. In fact, the evidence was that Thomason was the only person present in the house, other than the police officers, at the time of the search and his arrest. In the absence of any evidence other than appellant's possession in his home of less than an ounce of marijuana, I simply cannot agree that there is substantial evidence to support Thomason's conviction for possession of marijuana with intent to deliver, without resorting to speculation or conjecture.

The cases relied upon by the majority are distinguishable. In *Hurvey v. State*, 298 Ark. 289, 766 S.W.2d 926 (1989), although Hurvey was found to be in possession of only five individual packets of cocaine weighing less than one gram, there was also the testimony of two police officers who, working undercover, twice previously purchased cocaine from him. In affirming Hurvey's conviction for possession of cocaine with intent to deliver, the supreme court cited *Lincoln v. State*, 285 Ark. 107, 685 S.W.2d 166 (1985), in which it held that the possession of cocaine in small individual packets was sufficient proof of intent to deliver *when coupled with evidence that appellant had sold cocaine on prior occasions.* The evidence of intent to deliver in *Hurvey, supra,* of two prior sales of a controlled substance, is considerably different than the evidence here, where there is no evidence of prior sales.

In *Blockman v. State*, 69 Ark. App. 192, 11 S.W.3d 562 (2000), there was evidence that, in the vicinity of Eighth and Ash Streets in Blytheville, an area of that city known for its high drug trafficking, an informant observed Blockman accepting delivery of a quantity of cocaine. The informant relayed the information to Blytheville Police Officer Flora, who then relayed it to Officer Friar, who went to Eighth and Ash Streets where Blockman was arrested and found to possess twenty-five individually wrapped rocks of crack cocaine weighing a total of four grams, four times the amount of cocaine necessary to give rise to the rebuttable presumption of intent to deliver. Officer Sipes, who accompanied Friar, confirmed that Blockman was arrested in an area that was well known for "street sales of crack cocaine." This court affirmed Blockman's conviction for possession of cocaine with intent to deliver, holding that the trial court was not required to believe Blockman's testimony that, although the quantity of cocaine he possessed exceeded the one-gram presumptive amount, he had a cocaine habit and possessed the cocaine for his personal use. In my opinion there is a significant difference between *Blockman, supra*, where appellant was arrested in an area reputed for its high drug-trafficking in possession of twenty-five packets of crack cocaine weighing four times the presumptive amount, and the arrest of Thomason for possession of less than an ounce of marijuana found on the nightstand in the privacy of his own bedroom.

Although the majority attempts to characterize the discovery of four firearms at Thomason's residence as additional evidence of his intention, I believe that such evidence is still insufficient. While it is true that the supreme court and court of appeals have recognized that evidence of an appellant's possession of a firearm is relevant to prove intent to deliver a controlled substance, those cases do not hold that possession of a misdemeanor quantity of a controlled substance, when coupled with the possession of a firearm, is sufficient to convict for felony possession. In *Stanton v. State*, 344 Ark. 589, 42 S.W.3d 474 (2001), the supreme court held that substantial evidence supported appellant's conviction for possession of drugs with intent to deliver where the amount of drugs found in appellant's possession was "roughly six times the statutory presumption"; in *Wright v. State*, 327 Ark. 558, 940 S.W.2d 432 (1997), the supreme court upheld appellant's conviction for possession with intent to deliver marijuana where less than the presumptive amount was found in appellant's possession, but other evidence of intent to deliver was present with the marijuana,

including a canvas bag that smelled of methamphetamine, and computerized weighing scales; in *Hendrickson v. State*, 316 Ark. 182, 871 S.W.2d 362 (1994), the supreme court affirmed appellant's conviction for possession with intent to deliver cocaine and marijuana where the amounts of marijuana and cocaine seized "more than satisfied" the rebuttable presumption, and agents discovered scales, a vacuum sealer, a bong pipe, two loaded pistols, a rifle, other drug paraphernalia, and a large amount of cash in appellant's home, along with cash on appellant's person; and in *Young v. State*, 77 Ark. App. 245, 72 S.W.3d 895 (2002), this court affirmed appellant's conviction for possession with intent to deliver crack cocaine where appellant was in possession of 13.5 grams of crack cocaine, which was well over the presumptive amount for intent to deliver, and where police also found a set of scales and two large glass tubes in appellant's kitchen cabinet, along with crumbs of crack cocaine on top of the refrigerator and a pipe on the kitchen floor.

I am as much as anyone in favor of imposing harsh penalties upon those who engage in the illegal delivery of controlled substances and those who possess such substances for the purpose of delivery. Our legislature has determined that such conduct is a felony and has mandated the imposition of significant penalties upon those who are convicted of such offenses. However, our legislature has drawn a distinction between drug-related activity that is felonious and activity that is a misdemeanor. Under Arkansas Code Annotated section 5-64-201 (Supp. 2003), the Director of the Arkansas Department of Health, with the approval of the Legislative Council, is charged with the responsibility of identifying controlled substances and classifying them in Schedules I through VI. Marijuana is included on Schedule VI. Under Arkansas Code Annotated section 5-64-401(c) (Supp. 2003), with the exception of controlled substances contained in Schedule I and II, any person convicted for a first offense of possession of a controlled substance is guilty of a misdemeanor offense unless such possession is with the intent to deliver the substance in violation of Arkansas Code Annotated section 5-64-401(a) and (b). Arkansas Code Annotated section 5-64-401(d) creates a rebuttable presumption that, if a person possesses more than one ounce of marijuana, such person possesses the marijuana with the intent to deliver it. Thus, possession of less than one ounce of marijuana, without intent to deliver it, is a misdemeanor.

The undisputed evidence in this case is that Thomason possessed less than an ounce of marijuana. Therefore, the State has not relied on the rebuttable presumption to establish that Thomason intended to deliver the marijuana. Rather, the State has relied upon the sole fact that the marijuana on the nightstand in Thomason's bedroom was packaged in a form in which it is commonly sold and, therefore, necessarily, must commonly be purchased. The majority has ignored the evidence, presented by the State's witness, that marijuana can be bought for personal use in any quantity, depending on how much money one has to spend, thus ignoring the reality that one can purchase multiple "nickel" bags of marijuana for personal use. Absent evidence of intent to deliver, so long as the cumulative weight of the marijuana in the packets is less than an ounce, the possessor's exposure to criminal prosecution is limited to a misdemeanor. Ironically, while the majority relies upon the existence of the unloaded firearms as evidence of Thomason's intent to deliver the marijuana, the majority concludes that Thomason was not guilty of simultaneous possession of drugs and firearms because the firearms were not loaded. In addition, the majority supports its position with cases where there was overwhelming evidence of intent to deliver controlled substances, even without the presence of firearms.

The majority has chosen to ignore the legislature's one-ounce presumption and has created its own more stringent presumption that possession of less than an ounce of marijuana is presumed to be possession with intent to deliver if the marijuana is packaged in the manner that it is commonly bought and if there happens to be an unloaded gun in the house.

Because I believe that the evidence in this case is insufficient to support appellant's conviction for possession of marijuana *with intent to deliver,* I would reverse the conviction.

### Simultaneous Possession of Drugs and a Firearm

Finally, while I agree with the majority that Thomason's conviction for simultaneous possession of drugs and a firearm should be reversed and dismissed, I would reach that conclusion for a different reason. Arkansas Code Annotated section 5-74-106(a)(1) (Repl. 1997) provides that no person shall unlawfully commit a felony drug offense under Arkansas Code Annotated section 5-64-401 or unlawfully attempt, solicit, or conspire to commit a felony offense under section 5-64-401 while in the

possession of a firearm. Section 5-74-106(b) provides that this section "shall not be applied to misdemeanor drug offenses."

In this case, Thomason cannot be guilty of simultaneous possession of drugs and a firearm under section 5-74-106 because his first-offense conviction for possession of less than an ounce of marijuana, without evidence of intent to deliver, is not a felony.[2] Furthermore, the statute expressly excludes misdemeanor drug offenses as being subject to the prohibition against of possession of firearms. I would reverse and dismiss Thomason's conviction for simultaneous possession of drugs and a firearm because there is no evidence that he has violated section 5-64-401, not for the reason expressed by the majority.

I am authorized to state that Judge Baker joins me in this opinion.

---

[2] Neither the Felony Information nor the Judgment and Commitment Order, contained in appellant's addendum, indicate that Thomason has prior convictions for any offenses.