

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–13–616

| | |
|---|---|
| KENNETH NORWOOD **APPELLANT** | **Opinion Delivered** February 12, 2014 |
| V. | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. CR–2012-75-1] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | AFFIRMED |

### RITA W. GRUBER, Judge

Kenneth Norwood appeals his conviction in a jury trial for possession of methamphetamine, for which he was sentenced as a habitual offender to fifteen years' imprisonment. He challenges the sufficiency of the evidence to support the conviction and argues, as he did at trial in his motions for a directed verdict, that the State did not present substantial evidence of the required culpable mental state. We affirm.

In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Thomason v. State*, 91 Ark. App. 128, 208 S.W.3d 830 (2005). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id*.

Norwood was charged with Class D felony possession of a controlled substance,

methamphetamine, under Ark. Code Ann. § 5-64-419(b)(1) (Repl. 2006). Because the statute does not specify a culpable mental state, a mental state of knowingly, purposely, or recklessly is required by default. *See* Ark. Code Ann. § 5-2-203(b) (Repl. 2006). A person acts knowingly with respect to his conduct or the attendant circumstances when he is aware that the conduct is of that nature or that the attendant circumstances exist. Ark. Code Ann. § 5-2-202(2)(A) (Repl. 2006).

Deputy Sheriff Stephen Poe of the Grant County Sheriff's Department testified that in the early morning hours of October 31, 2012, he stopped a truck with no working tail lights. Norwood, who was driving, had a suspended driver's license but presented an ID card to Deputy Poe; Norwood's passenger, Michael Tilley, presented a valid driver's license. Norwood and Tilley said they knew how to fix the tail lights, and Deputy Poe had them step to the back of the truck. For his safety, he also asked them to empty their pockets onto the hood of his patrol car. When Norwood laid on the car's hood a BC powder pack with a plastic bag inside containing a brown powder, Poe asked what the powder was. Norwood said that it was a crushed-up Viagra pill, but he provided no prescription or other explanation. Poe, suspecting the powder to be methamphetamine, did not believe him. Tilley placed a pipe on the hood of the car and admitted that he had used it to smoke methamphetamine. Norwood was arrested for driving on a suspended driver's license and possessing methamphetamine, and Tilley was arrested for possessing drug paraphernalia. Later testing at the Arkansas State Crime Laboratory proved the powder substance from the plastic bag to be methamphetamine.

SLIP OPINION

Norwood argues that his conviction should be reversed because there was no direct proof that he knowingly possessed methamphetamine. Intent, however, can seldom be proved by direct evidence and must be inferred from facts and circumstances. *Thomason*, *supra*. The fact that evidence is circumstantial does not render it insubstantial. *Id*. Intent is a fact question for the jury, and it usually must be inferred from the circumstances surrounding the crime. *Spight v. State*, 101 Ark. App. 400, 401, 278 S.W.3d 599, 600 (2008). The assessment of credibility is left to the jury. *Hutcheson v. State*, 92 Ark. App. 307, 313, 213 S.W.3d 25, 29 (2005).

Deputy Poe testified that he believed the brown substance in the BC powder pack, which had been in Norwood's pocket, to be methamphetamine; that Poe did not believe Norwood's explanation that the brown substance was a crushed Viagra pill; that the brown substance subsequently proved to be methamphetamine; and that the passenger in Norwood's car admitted he had smoked methamphetamine with a pipe that he produced when asked to empty his pockets. It was up to the jury to assess the credibility of Norwood's characterization of the powder, and the jury was further free to infer from the circumstances that Norwood knew that the powder was methamphetamine.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*Philip C. Wilson*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.